BEATTY'S ADMINISTRATOR *vs.* MONTGOMERY'S EXECUTRIX.

MONTGOMERY'S EXECUTRIX *vs.* BEATTY'S ADMINISTRATOR.

1. Whether a legacy is vested or contingent, depends upon the event, and not upon the time. If the event is uncertain, the legacy is contingent though the time is fixed; if certain, the legacy is vested though the time is uncertain.

2. A legacy to A for life, and upon A's death to B, C, and D, is a vested legacy; and if B, C, and D die in the lifetime of A, their legal representatives are entitled, upon A's death, to their respective portions. A provision in the will that in case of the death of either of the legatees in the lifetime of A his share should go to the survivors or survivor, does not prevent the vesting.

3. If a legacy is given simply to A without fixing any time for payment, with provision that if A shall die it shall go to B, this gives a vested legacy to A if he survives the testator; the death is held to be death in the life of the testator.

4. But if a legacy given to one at the death of a person named is given to another in case such legatee should die, this is held to refer to death in the life of the person at whose death it is given. Such legacy vests at the death of the testator.

---

John Castner, the complainant in the original bill filed by him as administrator of James M. Beatty, William Beatty, and Wesley Beatty, respectively, seeks to recover legacies

given to the decedents, of whose respective estates he is administrator, by the will of James Montgomery, deceased. The defendant, Maria Alling, is the executrix of the will of Pruden Alling, the last surviving executor of the will of Montgomery. Maria Alling, as such executrix, filed the cross-bill, praying the directions of the court as to the payment of these legacies, and for a construction of the will of Montgomery.

The will of Montgomery was made in April, 1833. In the second clause he provided for his wife in these words: "I give and bequeath unto my said wife the interest of $6000, to be paid to her during her life in half yearly payments." And the eighth clause is: "From and after the death of my wife, I give and bequeath the principal sum of $6000, (the interest whereof I have herein directed to be paid to my wife during her life), to my sister Eliza Beatty's children, as follows: to James M. Beatty, the sum of $3000, and to William Beatty and Wesley Beatty, each the sum of $1500; and in case of the death of one or more of the said legatees, James, William, and Wesley, I give and bequeath the share of such deceased legatee to the survivors or survivor of said legatees."

The testator died in 1833, William in 1847, James in 1857, Wesley in 1859, and the widow of testator in 1869. She being the residuary legatee, her administrator was made party to these suits.

*Mr. Knapp*, for complainant.

*Mr. T. N. McCarter*, for defendant.

THE CHANCELLOR.

It is contended by the executrix and the administrator of the widow, that the legacies to the three nephews did not vest, but were contingent on their surviving the widow, and therefore, that by the death of all three in the life of the

widow, before they were to be paid, they lapsed into the residue of the estate.

The event upon which they were given, the death of the widow, was certain and not contingent; the time only was uncertain. It is different from a legacy given at *twenty-one*, or marriage, or *when* the legatee arrives at twenty-one, or marries; these events may never happen, and therefore the legacy is contingent. That the time is indefinite, as where the event is death or marriage, makes no difference; nor does the fact that the time of arriving at twenty-one is certain. If the event is uncertain the legacy is contingent, though the time is fixed; and if certain, it is vested, although the time is uncertain.

But on this point there is a diversity of opinion among the authorities, or rather in the dicta of the judges. One case, and only one, so far as I can discover, holding that a legacy given at a future time, fixed and certain, is contingent, and lapses by the death of the legatee before that time. This is the case of *Smell* v. *Dee*, 2 *Salk*. 415, decided by Lord Chancellor Cowper. And although the decision is not sustained by the authorities cited to support it, which are all cases where the event is uncertain, yet the case has been cited with approval by judges of high authority where the case under consideration did not involve the question, and their attention was not called to the distinction between a certain and contingent event.

But for this case it is not necessary to reconcile these discordant views. Here the interest of the sum in question is given to one person for life, and at her death to these legatees. And in such case it is well settled by numerous decisions, from *Stapleton* v. *Cheele*, 2 *Vern*. 673, decided in 1711, to the present time, that the legacy vests on the death of the testator. There is no diversity in the decisions on this point. In this state the law is settled by the case of *Green's Adm'r* v. *Howell's Ex'r*, in the Supreme Court, and Court of Errors, 1 *Vroom* 326, and 2 *Vroom* 570. In that case the doctrine received the unanimous approval of the

Supreme Court and the Court of Errors. And in the opinion in the latter court the Chief Justice says: "In the application of the principle it is not material whether the gift to the legatee for life is of the fund, or the interest or use of the fund." In the case of *Thomas' Ex'rs* v. *Anderson's Adm'r*, ante p. 22, the same doctrine was held and applied. It must, therefore, be considered as the settled law of this court. None of the cases require that the fund should be separated from the rest of the estate and invested by itself.

Nor do the provisions of the eighth clause of the will, that in case of the death of either of the legatees his share should go to the survivors or survivor, prevent the vesting.

If a legacy is given simply to A without fixing any time for payment, with provision that if A shall die it shall go to B, this gives a vested legacy to A if he survives the testator; the death is held to be death in the life of the testator. But if a legacy given to one at the death of a person named, is given to another in case such legatee should die, this is held to refer to death in the life of the person at whose death it is given. Such legacy is held to vest at the death of the testator, subject to be divested on the happening of the event, that is, dying in the life of the person named. *Hervey* v. *McLaughlin*, 1 *Price* 264; *Clarke* v. *Gould*, 7 *Sim.* 197; *Whitton* v. *Field*, 9 *Beav.* 368; *Edwards* v. *Edwards*, 15 *Ibid.* 357; *Salisbury* v. *Petty*, 3 *Hare* 86; *Green* v. *Barrow*, 10 *Hare* 459; *Williamson* v. *Chamberlain*, 2 *Stockt.* 375; 2 *Williams on Executors* 1134.

These legacies were then vested in James, William, and Wesley, with a limitation over to the survivor, in case of the death of either in the life of the testator's widow. Now as this limitation to the survivor is to the survivor at the death of the widow, the time when the legacies were given, and there was no survivor at that time, the limitation over never took effect, and the legacies being vested, they each went to the representatives of the proper legatee at the

death of the widow. This was so ruled in *Harrison* v. *Foreman*, 5 *Ves.* 207; and in *Gray* v. *Garman*, 2 *Hare* 268. And in *Salisbury* v. *Petty*, 3 *Hare* 85, it is held that where legacies were given to two at the death of the legatee for life, with a provision that if either should die leaving issue, his share to such issue, that the legacies vested at the death of the testator, and the share of one who died in the lifetime without issue, did not lapse or divert by his death, as the event on which it was limited over had not occurred, but that it went to the representative of the legatee.

These decisions seem to me to be supported by principle. Accepting them as the rule, I must hold that these legacies vested in the several legatees at the death of the testator, and that as neither survived the widow, there was no one who could take by the limitation over, and therefore, that the administrator of each is entitled to the legacy to his intestate, with interest from the death of the widow.