CALEB F. FISHER et al., administrators,

*v.*

CHARLES JOHNSON et al.

Under the following clause in a will: "I order my executor to place a sum of money at interest, on good security, that will be sufficient to pay each of the following children of Charles Johnson and Martha R. Johnson, to wit, Sarah F. Johnson, Mary Lizza Johnson and George Johnson, $100 each, as they severally arrive at age, and Ulysses G. Johnson, when he arrives at age, $200. N. B.—If Charles Johnson should purchase land, [and] would like to have the above until his children arrives at age, let [him] have it on the above conditions."—*Held*, that the legacies to the children are vested.

Bill for construction of will. On final hearing.

*Mr. H. A. Fluck,* for complainants.

*Mr. L. H. Sergeant,* for Chas. Johnson.

THE CHANCELLOR.

The bill is filed to obtain a construction of part of the twelfth section of the will of James J. Fisher, deceased. That section is as follows:

"I order my executor to place a sum of money at interest, on good security, that will be sufficient to pay each of the following children of Charles Johnson and Martha R. Johnson, to wit, Sarah F. Johnson, Mary Lizza Johnson and George Johnson, $100 each, as they severally arrive at age, and Ulysses G. Johnson, when he arrives at age, $200. N. B.—If Charles Johnson should purchase land, [and] would like to have the above until his children arrives at age, let [him] have it on the above conditions."

The question submitted is whether the legacies to the children are vested or contingent. It will be seen that a sum of money which will, with accumulations of interest, be sufficient for the payment of these legacies, is to be taken at once out of the estate, and if the father of the children, Charles Johnson, desires it and

can secure the investment by sufficient mortgage of real estate, the money is to be lent to him on such mortgage until his children come of age, when he is to pay the legacies to them as they respectively attain to their majority. It is true that it is the general rule that a legacy to a person " when " or " as " he shall attain to a given age is *prima facie* contingent, but circumstances, even though but slight, in the context, may be sufficient to show that the attainment of the specified age was not intended as a condition, but only to fix the time of payment, in which case it will be held to be a vested legacy. Here there are circumstances enough in the context for that purpose. The will directs that there be set apart out of the estate, to pay these legacies, a sum sufficient, with the accumulations of interest thereon, to pay them as they respectively become payable. And no further disposition of the fund is made. There is no provision that in case any of the legatees shall die before attaining to majority, the part of the fund which would have gone to the payment of his or her legacy shall go to any one else or fall into the residue. The direction to invest the money for the payment of the legacies, is in itself, in this case, a gift of the legacies, and the postponement of the time of payment is for the benefit of the estate. The direction for investment is a provision by which the interest on the money is to be made to aid in paying the legacies. An exception to the general rule of construction above stated is that where the postponement is for the benefit of the estate, the legacy vests at the death of the testator, notwithstanding the direction is to pay " when " or " as " the legatee attains to a specified age. There is in this case evidence of an immediate and unconditional gift in the provision for the lending of the money to the father of the legatees on terms that the interest shall be accumulated to pay the legacies, and the legacies paid over by him to the children as and when they shall respectively attain to majority. Should the father take the money under that provision, he would be trustee of the legacies for the children. In *Branstrom* v. *Wilkinson, 7 Ves. 421,* there was a gift to two children of a share in a dock when they should attain to their majority, to be equally divided between them, and the testator appointed the father of the lega-

tees trustee for them during their minority, and provided that in case of the death of either of them the survivor should take the whole, and that in case both should die in their minority the whole share should go to their mother; it was held that the legacies to the children were vested, notwithstanding the gift, by its terms, was to them when they should attain to majority. In *Lister* v. *Bradley, 1 Hare 10,* the gift was to the legatees " when or if " they should attain to majority, and there was a direction to invest the legacies on interest on separate deeds, each specifying the name of the legatee in whose behalf it should be taken, and to pay the interest to the mother of the legatees for their support and education. It was held that the legacies were vested at the death of the testator and not contingent. " A legacy," said Sir James Wigram, V. C., in that case, " to be severed from the general estate *instanter,* for the use and benefit of a legatee, is a very different thing from a legacy to be severed from the estate only upon the happening of a particular event." See, also, *Saunders* v. *Vautier, Cr. & Ph. 240,* and *Greet* v. *Greet, 5 Beav. 123.* I am satisfied from the context in this case that the legacies in question vested on the death of the testator.