DAVID POTTER, substituted trustee,

*v.*

MARY ALICE NIXON, substituted administrator, et al.

[Submitted January 13th, 1913.  Determined March 13th, 1913.]

1. Where a testamentary bequest is a present one, though payable at a future time, it vests in interest when the object of the bounty comes into being, ʼin the absence of anything in the will indicating a contrary intent, and the vested interest passes to the representative of the legatee in case of his death before the legacy becomes payable.

2. When a will discloses an intent to defer the time of payment of a legacy for the convenience of the estate, as in case of the postponement to let in an intermediate interest, the gift will be regarded as an immediate one, the vesting of which will not be postponed until it becomes payable.

3. Testator bequeathed $10,000 to his executors in trust to pay the annual income to his daughter M., and, in case she should die without issue, to pay the trust fund to such of her brothers and her sister as should survive her, share and share alike, and, if all her brothers and her sister should be dead at her death, then to be equally divided between all the children of such deceased brothers and sister.  M. died without issue, as did also four of her brothers, but the fifth had five children, four of whom survived M., and one of whom predeceased her, but survived all M.'s brothers and her sister.  The sister had two children, both of whom died before M., one dying before and the other after the decease of all M.'s brothers and sister.—*Held*, that the bequest in remainder was an immediate gift with a postponement of enjoyment only, and hence the trust fund should be divided among all the children of the brothers and sister; the representatives of deceased children taking equal shares with the living children, irrespective of whether they died before or after the decease of all M.'s brothers and sister.

4. Under the provisions of the will, the children entitled to take in remainder did not take as joint tenants so as to include in the class only survivors at the time of distribution; the language of the will, "shall be equally divided between all the children of such deceased brothers and sister," being words of severance denoting a plurality of interests among the objects of the gift.

The bill is filed for the construction of the will of James B. Potter, deceased.  By this will testator gave to his executors

a specified sum of money in trust. The trust was defined by testator as follows:

"* * * in trust to place the same at interest on good security, the annual income thereof or so much as my said daughter (Margaret Elmer Potter) shall desire to be paid to her semi-annually from the time of my decease, the excess of interest over her wants, if any, to be invested for her benefit from year to year. In case my said daughter Margaret shall marry, then I do order and direct my executors or the survivor of them to pay her five thousand dollars of the ten thousand dollars if she shall desire it and take her receipt for the same, the interest of the remainder to be paid to her as before directed during her life. It is my will that if my said daughter should die leaving a child or children, the said trust fund remaining unpaid shall be paid to such child or children surviving her, share and share alike. It is my will should my said daughter die without leaving any issue, then the said trust fund shall be paid to such of her brothers and sister as shall survive her, share and share alike; and if all her brothers and sister should be dead at the time of her decease, then to be equally divided between all of the children of such deceased brothers and sister."

At the decease of testator there survived him five sons and two daughters, one of the daughters being Margaret Elmer Potter, the life beneficiary above named.

Margaret Elmer Potter, the life beneficiary, never married and died June 21st, 1910, having survived all of her brothers and her sister. The present suit is to determine to whom the *corpus* of the trust fund is to be now paid.

The language of the bequest is that it shall, in such event, "be equally divided between all the children of such deceased brothers and sister." The question presented is whether the trust fund vested in interest in the several children of the brothers and sister of the life beneficiary as they severally came into being, or whether the legacy to them was contingent upon their surviving the life beneficiary.

Four of the brothers of the life beneficiary had no children; the fifth brother had five children, four of whom survived the life beneficiary, and one of whom died before the life beneficiary, but after all the brothers and the sister of the life beneficiary were deceased. The sister of the life beneficiary had two children, both of whom died before the life beneficiary; one of these died before and the other after the decease of all the brothers and sister of the life beneficiary.

*Messrs. Hampton & Fithian,* for the substituted trustee.

*Mr. Walter H. Bacon,* for the substituted administrator.

*Mr. James Boyd Potter, pro se.*

LEAMING, V. C.

It will be observed that the trust was to finally terminate at the death of Margaret Elmer Potter. In the event of her marriage during the continuance of the trust the trustees were authorized to pay to her one-half of the *corpus* of the trust fund. At her death so much of the *corpus* of the trust fund as then existed was to be distributed. The manner of distribution of the part remaining at the decease of the life beneficiary was made dependent upon three contingencies, as follows: *First.* If the life beneficiary left a child or children the fund then existing was to be paid to such child or children as survived her. This contingency did not occur, as she died without issue. *Second.* If the life beneficiary should die without issue then payment was to be made to such of her brothers and sister as should survive her, share and share alike. This contingency did not occur, as she died without issue and left no brother or sister her surviving. *Third.* If the life beneficiary should die without issue and leave surviving her no brother or sister, then the fund then existing was to be equally divided between all of the children of the deceased brothers and sister. It is this third contingency which has arisen. As the life beneficiary did not marry no part of the *corpus* of the fund was paid to her during her lifetime, and the entire fund is now for distribution. The primary question for present solution is whether at the decease of the life beneficiary the *corpus* of the fund became wholly payable to the children of a deceased brother who were alive at that time, or whether the personal representatives of all or any of the deceased grandchildren of testator who predeceased the life beneficiary share in the distribution.

Two inquiries uniformly arise in cases of this nature. *First.* Whether, from the whole will, the gift to the children of the brothers and sister of the life beneficiary is to be regarded as a

present gift payable at a future time. If such a gift is ascertained to be a present gift payable at a future time, then, in the absence of something indicating a contrary intent, the gift vests in interest when the object of the bounty comes into being, and, in consequence, the vested interest passes to the representative of the legatee in the event of the death of such legatee before the time when the legacy becomes payable. *Second.* Whether there are conditions or contingencies relating to the payment of a present gift which are operative to prevent or defeat its vesting.

Touching the first inquiry it will be observed that in the bequest here in question no direct words of gift are used by testator. He directs that in the event of the death of the life beneficiary leaving a child or children the trust fund shall be paid to such child or children surviving her, share and share alike. In the event of her leaving no issue he directs that the fund shall be paid to such of her brothers and sister as shall survive her, share and share alike, and if all of her brothers and sister be then dead he directs the fund to be equally divided between all the children of such deceased brothers and sister. Standing alone a mere direction to divide a fund among given legatees at a future time is not regarded as a present gift; but in this state the rule is well settled that when the provisions of a will disclose an intent to defer the time of payment of legacies for the convenience of the estate, as where the postponement of time of payment is to let in an intermediate interest, the gift will be regarded as an immediate gift. The gift here in question to the children of the brothers and sister of the life beneficiary is clearly of that nature; its postponement of payment is obviously to let in the intermediate interests, and it must be regarded as a present gift payable at a future time under the contingencies stated in the bequest. *Post* v. *Herbert's Executors, 27 N. J. Eq. (12 C. E. Gr.) 540,* is conclusive to that effect. See also *2 Wms. Ex. (6th Am. ed.) 1344.* It is urged that the provision for the share of a deceased brother or sister dying in the lifetime of the life beneficiary to go to the surviving brothers and sister, and not to the children of such deceased brother or sister, is inconsistent with and operative to repel the

idea of an immediate gift to the children of the brothers and sister of the life beneficiary. I am unable to adopt that view. That provision is merely one of the three contingencies anticipated by testator touching payment at the death of the life beneficiary. Each of the three contingencies named by testator is complete in itself in defining a condition which may exist at the date of the death of the life beneficiary, and has no relation to the other two contingencies; together the three contingencies form a general plan for postponement of payment to let in an intermediate enjoyment by the life beneficiary.

Touching the contingencies under which the legacy in question is payable it is urged that the provision for the payment to the issue of the life beneficiary, in the event of the life beneficiary leaving issue, is operative to prevent the legacy vesting in the children of her brothers and sister because the death of the life beneficiary without issue is an uncertain event. This contention overlooks the fact that uncertainty of future enjoyment of a present gift will not prevent vesting. No conditions or contingencies are named by testator which qualify the capacity of the children of the brothers and sister of the life beneficiary to take; they are not required to attain a given age or to marry or perform any act. The provision is that if the life beneficiary has no issue and survives her brothers and sister payment shall be made to their children at the death of the life beneficiary. Provisions of that nature touching the intermediate estate may be operative to defeat future enjoyment in possession on the part of the legatees to whom the legacy is presently given and is ultimately payable, for issue of the life beneficiary would take to their exclusion; but such uncertainty of enjoyment will not prevent the legacies presently vesting in interest in them. This is clearly pointed out in *Van Dyke's Administrator* v. *Vanderpool's Administrator, 14 N. J. Eq. (1 McCart.) 198.* In that case the will directed that interest on a fund should be paid to A for life; if she died leaving children the principal sum was to be paid to her children; if she died leaving no child but leaving grandchildren the principal sum was to be paid to her grandchildren; but if she died leaving no child or grandchild, then the executors were directed to pay the principal sum

to B, C and D share and share alike. B and C died before A, the life beneficiary, and she died without a child or grandchild. The question for determination was whether B and C enjoyed vested interests. In determining that B and C took vested interests Chancellor Green said: "The fact, that in the disposition of that portion of the fund now in controversy there is an immediate gift of the fund upon a contingency between the life estate to Maria Van Dyke Gough and the final disposition of the fund, does not affect the interest of the last taker or prevent the vesting of the legacy. If such be the apparent intent of the testator, the gift in such cases vests, subject to be divested upon the happening of the contingency. The fact that the enjoyment is uncertain never interferes with the vesting of an estate. Where the contingency is not in the person, but·in the event or in the time of the enjoyment, the interest is vested.

"It is the present capacity of taking effect in possession, if the possession should ever become vacant, not the certainty that it ever will become vacant while the remainder continues, which distinguishes a vested from a contingent remainder. In the former, the enjoyment only is uncertain, in the latter, the right to the enjoyment. *Williamson* v. *Field, 2 Sandf. Ch. 553.*"

See also, as to real estate, *Havens* v. *Sea Shore Land Co., 47 N. J. Eq. (2 Dick.) 365.* The rule, as stated in *Rop. Leg. *597,* is as follows:

"It is a rule of construction in regard to contingent executory bequests that the interests of the first and subsequent takers, *quodam modo,* vest *uno instanti;* so that if the substituted legatee die before the contingency happens, upon which he is to succeed to the legacy, his representative will notwithstanding be entitled to it so soon as the event shall take place. Suppose then a bequest be made to A, but if A died under twenty-one, or without leaving children or issue, to B, although B happened to die before A, B's personal representatives would be entitled to receive the legacy upon the happening of the contingency, on the ground of its being vested in right in B previously to his decease."

In a class gift of the nature of the one here in question the children of the brothers and sister of the life beneficiary take vested interests in their shares subject to diminution of those shares, *pro tanto,* as the number of objects is augmented by future births. *Miller* v. *Worrall, 59 N. J. Eq. (14 Dick.) 134.* But the fact that the legatees to whom the *corpus* of the fund

is to be ultimately paid form a class will not, under the provisions of the will here in question, be operative to create interests in the nature of joint tenancies in which only survivors at the time of distribution take. The language of the will is that the fund "shall be equally divided between all the children of such deceased brothers and sister." As is held in *Post* v. *Herbert, 27 N. J. Eq. (12 C. E. Gr.) 540, 547,* these are clear words of severance, denoting plurality of interests among the objects of the gift.

I will advise a decree to the effect that the fund in question is to be equally divided among all the children of William E. Potter and Sarah Boyd Nixon, the representatives of deceased children taking equal shares with the living children irrespective of whether the deceased children died before or after the decease of all the brothers and the sister of Margaret Elmer Potter.