EMMA SHEPHERD

v.

J. FRANK DAVIS and WARD MUCHMORE, trustees, et al.

[Decided March 26th, 1920.]

1. When the event upon which legacies are given is certain, although the time when they are to take effect is uncertain, the legacies vest at the testator's death, subject only to being defeated by the death of a legatee prior to the time when such legatee could come into possession.

2. Where a will provided that certain income should be paid to A, and upon his decease that share of income "otherwise and theretofore payable to him" shall be equally divided into two parts, and one part thereof paid to B, the gift of C is not dependent upon the taking of A, as all the legacies vest together at the testator's death.

On bill for accounting, &c.

Mr. Charles C. Pilgrim, for the complainant.

Mr. Wilbur A. Heisley, for the defendants Annie Davis and others.

Messrs. Church, Harrison & Roche, for the defendants Ward W. Muchmore and others.

FIELDER, V. C.

This case was argued on the pleadings and on a stipulation between counsel fixing the dates of death of the several persons hereinafter mentioned.

Henry Smith, who died January 31st, 1902, left a will dated April 9th, 1898, admitted to probate in Essex county. The controversy presented by the pleadings calls for the construction of the fourth clause of the will, which is as follows:

*91 N. J. Eq.* Shepherd *v.* Davis.

"FOURTH:—All of the rest, residue and remainder of my estate, real, personal and mixed, wheresoever the same may be situate, I do give, devise and bequeath to my executors hereinafter named, in trust, nevertheless, to keep the same safely and properly invested (preferably in first and first class bond and mortgage) for the following purpose:

"1. To pay to my said wife, Annie, the sum of one hundred and thirty dollars ($130) each and every month for and during the term of her natural life, which monthly sum I direct shall be so paid by them to her, if necessary, from the principal and in preference to all other charges and payments whatsoever. And I do further order and direct that the net balance and remainder of the income to be derived from my said residuary estate shall, at periods of not less than half yearly, be divided into two equal parts, one of which said parts shall be paid to my daughter Annie Davis for and during the term of her natural life, and the other of which said parts shall, in like manner, be paid to my daughter, Florence Muchmore, for and during the term of her natural life. And I do further order and direct that, upon the decease of either the said Annie Davis or Florence Muchmore, my executors hereinafter named, shall from my residuary estate forthwith pay, in cash, the sum of one thousand dollars ($1,000) to each child of my daughter so deceased, which said sum or sums of one thousand dollars ($1,000) when so paid, shall be in full settlement and discharge of such child or children's claim upon my estate under this my will.

"And the said part or share of the net income otherwise and theretofore payable to my deceased daughter shall be paid to my said son, Henry E. Smith, for and during the term of his natural life. Upon the decease of either my said son or surviving daughter and payment of the sum of one thousand dollars ($1,000) to each her surviving child or children, so as aforesaid, I do order and direct that the share of income otherwise and theretofore payable to him or to her, shall be equally divided into two parts, one of which said parts I do order and direct shall be paid to my sister, Emma Shepherd, and the other of said parts I do order and direct shall be paid to my brother, Edwin Smith, during the term of their natural lives, and upon the decease of either, the portion otherwise and theretofore payable to her or to him shall go to and form part of my said residuary estate. Upon the death of any two of my said children and of my said wife, said trust shall determine and I do give, devise and bequeath my then remaining residuary estate to the survivor, his or her heirs, executors and administrators forever, subject however to the payment semi-annually to my said sister and brother during their life or lives, of a sum or sums equal to the portion of income lastly payable to her or him before the determination of said trust."

All the persons named in this clause survived the testator except his brother, Edwin Smith, who died early in the year 1898, and the subsequent deaths were as follows: Annie Smith, wife of testator, died April 18th, 1905. Florence Muchmore, daughter of testator, died June 10th, 1918. Henry E. Smith, son of testator, died February 28th, 1912.

The other two persons named in this clause, viz., Emma Shepherd, sister of the testator, and Annie Davis, his daughter, are alive, the former being the complainant herein. The defendants are Annie Davis and the husband and two daughters of Florence Muchmore, deceased.

The question presented is whether the death of Henry E. Smith, son of the testator, before Florence Muchmore, affects the right of complainant to receive the income, which under the quoted clause of the will was provided for her. The defendants contend that complainant was to take only on condition that Henry E. Smith lived to take and they point to the direction in the will that upon the decease of Henry E. Smith "the share of income otherwise and theretofore payable to him or to her, shall be equally divided into two parts," one of which parts should be paid to Emma Shepherd, as upholding their view. In other words, that the interest of Emma Shepherd was to come through Henry E. Smith and upon his death before Florence Muchmore, his share of the income lapsed and fell into the residuary estate.

My conclusion is that the complainant must prevail. The testator knew that death is not an event which may or may not happen. He knew that it was bound to occur in the case of all his beneficiaries and that they might not die in the order in which he named them. There were certain persons for whom he wished to provide and to some he desired to give more than to others and he wanted to provide for them in a certain order, namely, his wife first; his daughters next; then a sum for the children of a deceased daughter; next his son, Henry E. Smith, and finally, before disposing of his residuary estate absolutely, his sister, Emma Shepherd, and his brother, Edwin Smith. To carry out his intention, he gave his residuary estate to his executors in trust and directed them to make the payments therefrom. When he said, "upon the decease of either the said Annie Davis or Florence Muchmore," he meant to speak of their death generally, whenever it might happen and when that event had occurred and the necessity for providing for his wife and the deceased child had terminated, the executors were di-

rected to pay a portion of the income to his son Henry, but it so happened that when Florence Muchmore died (the testator's wife being then dead), Henry was not alive to take. The will then goes on to say that "upon the decease" (not "after the decease" or "at the decease" but again speaking generally of death) of either Henry E. Smith or Annie Davis

"I do order and direct that the share of income otherwise and theretofore payable to him or to her, shall be equally divided into two parts * * *, one of which shall be paid to my sister Emma Shepherd."

I think these provisions for the beneficiaries fall within the rule laid down in *Beatty* v. *Montgomery, 21 N. J. Eq. 324,* the event upon which the legacies were given being certain, although the time when they were to take effect was uncertain and that the legacies vested in them on the testator's death, subject only to being defeated by their death prior to the time when they could come into possession.

In other words, testator intended a portion of income for Emma Shepherd and merely postponed the time of its receipt to let in the interest of Henry E. Smith, should he be alive. This gave her a vested interest, although its enjoyment was postponed until the preceding life estates were determined, and might be entirely defeated by her death in the lifetime of the preceding life tenants. *Post* v. *Herbert, 27 N. J. Eq. 540, 544; Howell* v. *Green, 31 N. J. Law 570, 573.* It is not material that the gift to her was of an interest in the fund and not of the fund itself. *Howell* v. *Green, supra.*

The case lies within that class of cases in which the fund is bequeathed in fractional interests, in succession, at periods and upon certain conditions annexed to the preceding estates which must happen, and if the preceding or contingent estate should never arise or take effect, the remainder over will nevertheless take place, because all the interests vest at the same time. *Smith* v. *Hance, 11 N. J. Law 244; Howell* v. *Green, supra; Chambers* v. *Sharp, 61 N. J. Eq. 253, 258.* I consider this situation similar to the case where a life interest in a fund is prevented from being operative, as for example, the refusal of a

widow to accept a devise in lieu of dower, in which event the devise or bequest in remainder is said to be accelerated and the remainderman will be entitled to come into possession at once. *Macknet* v. *Macknet*, *24 N. J. Eq. 277*; *Biedeman* v. *Sparks*, *61 N. J. Eq. 226*.

The defendants stress the provision that Emma Shepherd shall receive "the share of income otherwise and theretofore payable" to Henry E. Smith and they strongly urge that these words indicate an intention on the part of the testator that she should take only in the event that she should survive Henry E. Smith because, they say, that in the event of his death prior to hers, there could be no income "theretofore payable" to him. But I consider these words as intending to measure or define the amount of income the testator intended for her and not as words of limitation. *Huber* v. *Mohn, 37 N. J. Eq. 432; Clark* v. *Morehous, 74 N. J. Eq. 658, 666.*

Upon the death of one of the testator's daughters, Henry E. Smith was to take the share of income "theretofore payable" to her and upon the death of either Henry E. Smith or the surviving daughter, the complainant was to take a portion of the income "theretofore payable" to the one dying. One of these two would surely have been in receipt of income and it might have been that upon the death of that one, the complainant would take, and therefore the expression "income theretofore payable" was not inappropriate with what the testator had in mind, which after all was that Emma Shepherd should receive a portion of the income made payable by the will to the one predeceasing her and after whom she should take. Significance must be given to the use of the word "otherwise," which means "but for," or "under other circumstances" and taken in such sense the clause would read "upon the death of my son Henry E. Smith * * * I order and direct that the share of income, which but for his death would be theretofore payable to him, shall be equally divided into two parts, one of which parts I do order and direct shall be paid to my sister, Emma Shepherd."