The will of William Rowland contains this clause:
"17. I hereby give and bequeath unto my executors hereinafter named, and the survivors and survivor of them, the sum of fifty thousand dollars [$50,000], in trust, however, for the following uses and purposes, to wit: To invest the same and keep the same invested and apply the net semi-annual income thereof to the maintenance, support and education of my grandson, Charles Rowland, son of my decesed son William R. Rowland, until he shall attain the age of thirty [30] years, and upon my said grandson attaining the age of thirty [30] years, I give and bequeath unto him the said principal sum of fifty thousand dollars [$50,000]."
It is an accepted rule of construction that a legacy to a person "upon attaining the age of thirty years," without more, is conditioned upon his reaching that age; the contingency is regarded as attaching to the substance of the gift. But the rule applicable to such legacies, like all other rules that serve to indicate the intention of the testator, yield to the influence of the structure and context of the legacy and other provisions of the will importing that the words of contingency were merely intended to postpone the enjoyment of the gift, and that would seem to have been their purpose here. The testator made an absolute gift of the fund to his executors in trust. It was severed from his general estate and there was no gift over. The legatee was to have the income until thirty years of age, then the principal. The gift to the trustee is regarded in equity as a gift to the legatee, and as the fund vested in the trustee at the death of the testator so it vested in the legatee, with the immediate use in him of the income, the enjoyment of the principal being postponed until his thirtieth year. The secondary gift of the principal to the legatee, upon attaining the age of thirty years, amounts to a direction to the trustee, in possession of the fund, to pay it over at that time. The authorities are agreed in holding that *Page 74 
legacies in the terms of the one under consideration are deemed vested. Roper on "Legacies" says (at p. 573):
"When the period of payment or enjoyment of the fund is deferred until the legatee attain twenty-one, and the first gift of it is made to him when or after he shall attain that age, but in the meantime the property is given to a parent, guardian or trustee, for the legatee's benefit, the words `when' or `after,' which import a condition precedent to the vesting of the legacy, will not be permitted to produce that effect; on the contrary, they will be considered as merely descriptive of thetime when the legatee was to be let into the possession of the fund, and then according to the rule mentioned in the first section, the interest in the legacy will vest at the death of the testator; and if the legatee die before twenty-one, his personal representatives will be entitled to the money. The principle is this: since the whole interest in the fund is given in one way or the other to and for the benefit of the legatee, it could not be the testator's intention to make it contingent whether the legatee should have the absolute interest. The interest is split into two parts, till one period it is given to the parent, guardian or trustee, and at the other it is given to the legatee. The reason why it was not given sooner to the legatee was from regard to his convenience, as it could not be conveniently given to a person under age. Hence, it is apparent that the conditional words were merely annexed to the payment, not to the gift of the legacy."
In Gifford v. Thorn, 9 N.J. Eq. 702, 708, Chief-Justice Green, sitting for the chancellor, held that "where the interest of the legacy is directed to be paid to the legatee until he receive the principal, or where the legacy is placed in the hands of trustees for the exclusive benefit of the legatee until it is directed to be paid over, the legacy will be deemed vested."Stapleton v. Cheales, Pr. Ch. 317; Lane v. Goudge, 9 Ves.229; Hanson v. Graham, 6 Ves. 249; Hoath v. Hoath, 2 Bro. Ch.C. 3; Fondereau v. Fondereau, 3 Atk. 645; 1 Jarm. 764; 1 Rop.572. The rule is quoted with approval in Dusenberry v.Johnson, 59 N.J. Eq. 336, and the principle is stated or adverted to in Post v. Herbert, 27 N.J. Eq. 540; Fisher v.Johnson, 38 N.J. Eq. 46; Parker v. Glover, 42 N.J. Eq. 559,
and Nielson v. Bishop, 45 N.J. Eq. 473.
The trustee is advised that the legacy vested in Charles Rowland, and upon his death, passed to his administrators, and is presently payable to them, although the legatee would not now be thirty had he lived. Rop. Leg. 870. *Page 75