This appeal brings up a decree of distribution entered in the Essex county orphans court on January 29th, 1926, in so far as that decree held that a bequest of six-sixteenths of the residue of the estate of Ellen M. Collins lapsed by reason of the legatee's death prior to the death of Edward E. Collins, a life tenant, and that as to such six-sixteenths share the testatrix died intestate, and directing the distribution thereof to the heir-at-law of said testatrix.
Ellen M. Collins, the testatrix, died August 26th, 1921. She left a will, the portions of which pertinent to this inquiry are as follows:
"Second. All the residue of my estate, both real and personal and wheresoever situate, I give and devise unto my executor hereinafter named, in trust to and for the following uses and purposes:
"To pay from the income and principal of my said estate such sum of money as may be necessary to secure the proper and comfortable support and maintenance of my aunt, Rose Murray, for and during her lifetime; and at her decease to pay for her funeral and to attend to her burial in my plot in the Immaculate Conception Cemetery in Montclair aforesaid.
"Out of said income and principal to pay to my brother, Edward E. Collins, the sum of fifteen dollars [$15.00] per week for his support and maintenance, and the further sum of twenty-five dollars [$25.00] every six months for his clothing; and at his decease to pay such sum in excess of his life insurance, if any be necessary, for his funeral expenses, and to attend to his burial in my said plot in the Immaculate Conception Cemetery.
"Third. Upon the decease of both my said aunt, Rose Murray, and my brother, Edward E. Collins, I direct my executor and trustee hereinafter named to distribute my said estate to and among the following *Page 335 
persons and objects to whom I give the articles and money hereinafter mentioned."
Several specific legacies are then provided for, and this paragraph of the will closes with the following language:
"And to divide the remaining portion of my estate into sixteenths, and to give six-sixteenths thereof each to my nephew, James G. Collins, of New York City, and my cousin, Catherine Fitzpatrick [nee Dunn], of Newark, aforesaid, and four-sixteenths thereof to my sister-in-law, Mrs. James G. Collins, of New York City, aforesaid. In the event that my estate should be insufficient to pay the legacies above provided for, said legacies, and each of them, shall abate proportionately."
By the last paragraph of the will the First National Bank of Montclair was appointed executor and trustee.
Rose Murray, one of the life tenants, died December 15th, 1921.
Catherine Fitzpatrick, one of the residuary legatees, died August 3d 1923, and prior to Edward E. Collins, the remaining life tenant, who died December 26th, 1923. She died without having had issue, and her will devises all her estate to her husband, T. George Fitzpatrick, the appellant, who claims to be entitled to six-sixteenths of the residue of the estate of Ellen M. Collins, which was devised to Catherine Fitzpatrick. On the other hand, the appellees contend that James G. Collins is entitled to this six-sixteenths share as heir-at-law of the testatrix.
The only question presented by this appeal is whether or not the legacy of six-sixteenths of the residue to Catherine Fitzpatrick was a vested or a contingent one. If vested, T. George Fitzpatrick is now entitled to it under his wife's will. If contingent, Catherine Fitzpatrick having died prior to the death of one of the life tenants, then Ellen M. Collins would have died intestate as to this share of her estate, and it would go to James G. Collins as her heir-at-law.
According to Blackstone, "vested remainders [or remainders executed where a present interest passes to the party, though to be enjoyed in futuro] are where the estate is invariably fixed, to remain to a determinate person, after the *Page 336 
particular estate is spent. Contingent or executory remainders [whereby no present interest passes] are where the estate in remainder is limited to take effect, either to a dubious and uncertain person, or upon a dubious and uncertain event, so that the particular estate may chance to be determined, and the remainder never take effect." 2 Bl. (Lewis' ed.) 169.
As early as 1811 it was held in Fairly v. Kline,3 N.J. Law 755, per Chief-Justice Kirkpatrick, that —
"If a legacy charged upon the personal estate only be given unconditionally, and dependent upon no further contingency, then, though the day of payment be postponed, as if it be to be paid when the legatee attains the age of twenty-one years, or marries, or other contingency happens, yet if the legatee die before that day, his representative shall take. It is a vested legacy, it cannot fall. But if such legacy be charged upon land in the hands of the heir, and that whether it be the haeres natus or thehaeres factus, and the legatee die before the day of payment, it will not go to his representatives, but will merge in the land for the benefit of the heirs. This is the general rule.
"But then there is an exception to this rule, as well settled at this day as the rule itself. It is this, that when the payment is postponed merely for the convenience and benefit of the estate and family, and not on account of considerations relating to the legatee himself, then, though the legatee died before the day of payment, yet the legacy shall not merge for the benefit of the heirs, but shall go to the representative. It is a vested legacy."
And per Judge Pennington, holding the estate there in controversy to be vested:
"The bequest is an absolute unqualified present gift, to be paid at a time that must certainly come; the death or marriage of the mother, or as soon after as the land could be sold. It was postponed, not from any circumstance respecting the daughter, but from the situation of the fund, it being until that time employed in the support of her mother."
In Beatty v. Montgomery, 21 N.J. Eq. 324, it was held that whether or not a legacy is vested or contingent depends *Page 337 
upon the event and not upon the time. If the event is uncertain the legacy is contingent, though the time is fixed; if certain, the legacy is vested, though the time is uncertain. Also, that a legacy to A for life, and upon A's death to B, C and D, is a vested legacy; and if B, C and D die in the lifetime of A, their legal representatives are entitled, upon A's death, to their respective portions.
In Howell v. Green, 31 N.J. Law 570, Chancellor Green, speaking for the court of errors and appeals, said:
"It it a well-settled rule of construction that a gift of a legacy `at,' or `when,' or `after' a given event occurs, vests only upon the happening of the event. Apart from the context, a gift to the nieces of the testator after the death of their mother would not vest until their mother's death, and would depend upon the contingency of their surviving her. Where the time is annexed, not to the payment merely, but to the gift itself, the legacy does not vest till the period arrives.Gifford v. Thorn, 1 Stock. 705, 729.
"On the other hand, it is an equally well-settled rule of construction that where an absolute property in a fund is bequeathed in fractional interests in succession, at periods which must arrive, the interests of the first and subsequent takers will vest together."
And further —
"Where it is apparent from the terms of the will that the future gift is postponed to let in some other interest, the gift is vested." See, also, Post v. Herbert, 27 N.J. Eq. 540;Clement v. Creveling, 83 N.J. Eq. 318; Sheperd v. Davis,91 N.J. Eq. 468; In re Buzby, 94 N.J. Eq. 151.
In 23 R.C.L. 528 § 69, the rule is stated as follows:
"If the postponement of the possession and enjoyment is merely for the convenience or benefit of the estate, or to let in some other interest, and not for reasons personal to the remainderman, the remainder is vested; but, if the postponement is annexed to the substance of the remainder and is personal to the remainderman, the remainder is contingent. * * * Thus, under a devise of an estate, legal and equitable, to the testator's children for life, and to be divided upon or after their death among his grandchildren in fee, the grandchildren living at the death of the testator take a vested remainder at once, subject to open and let in afterborn children." *Page 338 
In the very recent case of Fidelity Union Trust Co. v.Rowland et al., 99 N.J. Eq. 72, Vice-Chancellor Backes said:
"The gift to the trustee is regarded in equity as a gift to the legatee, and, as the fund vested in the trustee at the death of the testator, so it vested in the legatee, with the immediate use in him of the income; the enjoyment of the principal being postponed until his thirtieth year."
And held that, although the legatee died before arriving at the age when he would have been entitled to the corpus of the fund, the legacy passed to his administrator on his death.
In determining the question presented by this appeal, the intention of the testator must prevail, and that intention must be gathered from the four corners of the will. All rules of construction are designed to determine that intention and may be totally disregarded where their application would do violence to the plain intent of the testator, as disclosed by the language of the will. No rule of construction can be invariably applied to a certain word formula.
It will be noted that in the second paragraph of this will there is an immediate gift to the trustee in trust, and under the authority of Fidelity Union Trust Co. v. Rowland, supra, thecorpus of the fund vested in the trustee at the death of the testator, and also in the residuary legatee at the same time. But disregarding the fact of this gift to the trustee in the second paragraph of the will, it seems to me very clear that the same conclusion is to be arrived at by a consideration of the language of the third clause of the will. By the directions of that clause "upon the decease of both" life tenants, the trustee is directed to distribute amongst said persons "to whom I give thearticles and money" to be distributed. This is the language of a present gift, effective upon the death of the testator. The delivery only of the subject of that gift is postponed. "The payment is postponed merely for the convenience and benefit of the estate and family, and not on account of considerations relating to the legatee." Fairly v. Kline, supra. And in the last paragraph of this third clause, it is provided that the executor is "to divide the remaining portion into sixteenths, and to *Page 339 
give six-sixteenths," c. The words "to give," as here used, are equivalent to "to hand to," "to deliver." The time of the gift
is not, as contended by the appellees, "upon the decease of both my said aunt and brother." That is the time of thedistribution. I think it is clearly apparent from the terms of this will that "the future gift is postponed to let in some other interest" (Howell v. Green, supra), and that "an absolute property in a fund is bequeathed in fractional interests in succession, at periods which must arrive." Ibid.
The event upon which the enjoyment of the legacy of the six-sixteenths interest in the residue of this estate was to begin was the "decease of both my said aunt, Rose Murray, and my brother, Edward E. Collins," "an event certain to occur, though the time of its occurrence was uncertain. Beatty v.Montgomery, supra.
My conclusion is, therefore, that the bequest of a six-sixteenths interest of the residue to Catherine Fitzpatrick vested immediately on the death of the testator, and that this interest passed to T. George Fitzpatrick, the appellant, by Catherine Fitzpatrick's will. I will therefore advise a decree reversing the decree of the Essex county orphans court in so far as the same is brought up by this appeal and in accordance with these conclusions.