This is a bill filed by the trustees of the estate of Simon Loewy, deceased, seeking a construction of decedent's will and a declaration of the "rights and status" of complainant, as well as the "rights and status" of the beneficiaries named in said will.
Evelyn R. Latz, a daughter of the decedent, and a legatee of a life interest in his estate, appears as complainant, both as one of the trustees and in her individual right, and these complainants contend that the remainder over, after the death of Evelyn R. Latz, created in favor of her infant children by the provisions of said will, are void as being in violation of the rule against perpetuities. This is disputed by the infants, *Page 195 
who appear by the clerk of this court, as guardian ad litem, who, in their behalf, contends that the remainder over to the children, after the death of their mother, vests within lives in being and twenty-one years thereafter.
The meritorious question for determination is whether or not the remainder over to the infants, as set forth in the will, is vested or contingent; if vested, the trust created by the will of Loewy does not violate the rule against perpetuities. If this remainder over to the children does not vest on the death of the mother, the rule is violated.
First, let us quote the pertinent provisions of the will to the extent necessary for the purposes of this litigation. The fifth clause provides:
"I give, devise and bequeath all the rest, residue and remainder * * *" unto named trustees, "to invest the same, and from time to time to change the investment so made * * *. The income arising therefrom to be paid over unto my beloved wife * * * for and during the term of her natural life. * * * And upon this further trust that immediately after the death of my said wife, * * * then the corpus of my estate * * * shall be held by the said" trustees "for and during the natural life of my daughter. * * * And upon this further trust, that after the death of my said daughter, Evelyn R. Latz, then the corpus of my estate so held by the said trustees * * * shall go to and beequally divided among such child or children, if any, which my said daughter may leave surviving, if more than one, share and share alike. The share or portion of such child or children
which my said daughter may leave surviving shall be retained by the said trustees for such child or children until he or she shall have attained the age of twenty-eight years, and until such child or children shall attain the age of twenty-eight years" the trustees are directed to apply the income to the support, maintenance and education of such child or children until attaining the age of twenty-eight years, and "upon each of said children attaining the age of twenty-eight years, he or she shall be entitled to receive the share or portion of my estate to which they may be entitled respectively. * * * And upon this further trust, that should any such child or children depart this life unmarried, and without leaving issue surviving, then the share or portion of the one so dying shall go to the survivor or survivors of them. But in the event that all of the children of my said daughter, Evelyn R. Latz, shall depart this life in the lifetime of my daughter, without leaving issue surviving him or her so as aforesaid, then the corpus of my estate * * * shall go to and become the property and estate of my said daughter, Evelyn R. Latz, absolutely." *Page 196 
It is quite apparent that testator's chief desire was to provide for the support and comfort of his widow, during her lifetime, and to that end he dedicated even the corpus of his estate, if it should become necessary for her support and comfort. His also evident desire was that no one other than his wife and daughter and his daughter's children should have the income and that, as to the grandchildren, they should not come into the enjoyment of the corpus until they had, by experience and age, fitted themselves to properly handle the respective shares, but while testator thus protected his beneficiaries, he adopted a different phraseology with respect to his wife and daughter, and the remainder over to his daughter's children. In the case of the widow he said: "I give, devise and bequeath all the rest, residue and remainder of my estate" to the trustees, named in the will, and directed that they pay the income to the widow, and upon her death, "then the corpus of my estate" shall be held by my trustees for the life of my daughter, the income to be paid to her.
In both instances above set forth, the corpus of the estate continued in the possession of the trustees by virtue of the devise thereof to them, but in dealing with the remainder over to his grandchildren he said: "And upon this further trust that after the death of my said daughter * * * then the corpus of my estate so held by the said trustees * * * shall go to and beequally divided among" the grandchildren, and further provided that the trustees should retain the share of each child after the trustees had made the division of the corpus of his estate, as directed in the will.
Thus the testator differentiated between the objects of his bounty. During the lifetime of the widow and the daughter, the trustees were vested with the estate by virtue of the devise to them by the testator. After the death of the wife and daughter, the trustees were required to divide the estate which had been devised to them, among the grandchildren, and while he directed his trustees to retain the share of each child so divided, he, by so doing, merely postponed the enjoyment of the corpus which was to be turned over to them when they became twenty-eight years of age, by virtue of that portion of his will which provided for the division immediately on the death of the daughter and mother of the grandchildren. *Page 197 
If testator violated the rule against perpetuities he certainly did not so intend and that such was not the result seems to me to be manifest.
In case of the death of any of the grandchildren of the testator, after the death of their mother, the share of the deceased child, whether he had attained the age of twenty-eight or not, there being no gift over, would pass to his heirs or next of kin, because the interest of the deceased child vested on the death of his or her mother. Fidelity Union Trust Co. v.Rowland, 99 N.J. Eq. 72.
It will be noticed that there is no gift over after the death of the grandchildren but that, upon their attaining the age of twenty-eight years, the corpus, the enjoyment of which had been denied them, was to immediately be turned over to them by the trustees. Should any child die during the lifetime of the mother, the deceased child's share or portion of testator's estate would go to the surviving grandchildren, and only in case all of the grandchildren died prior to their mother would their portion of the estate go to the mother under testator's will, so that the rights of the grandchildren, as a class, are definitely fixed as of the time of the death of their mother and after that event there is nothing that can divest the estate created for them by testator's will.
The rule against perpetuities is a rule against postponing the vesting of estates for a period beyond lives in being and twenty-one years thereafter and is not applicable to their possession or enjoyment of such estates. Lembeck v. Lembeck,73 N.J. Eq. 427; affirmed, 74 N.J. Eq. 848, citing numerous cases.
Vice-Chancellor Backes, in Trippe v. National Newark, c.,Banking Co., 98 N.J. Eq. 462 (at p. 465), said:
"The single question to be determined is whether the complainants are entitled to recover the corpus of the estate, and for answer we need look no further than the thirteenth paragraph of the will. By its provisions the lawful issue of the testator's children are, on the death of their parent, to receive and take their parent's one-third share of the trust funds. The gift of principal vests immediately upon the death of the parent, the enjoyment of the income being postponed until *Page 198 
the issue severally reach twenty-one, and of the principal until they reach twenty-five * * *. If an estate vests within the prescribed period, the postponement of the time of enjoyment beyond lives in being and one and twenty years thereafter does not contravene the rule against perpetuities," citingDusenberry v. Johnson, 59 N.J. Eq. 336; Lembeck v. Lembeck,supra; In re Smisson, 79 N.J. Eq. 233, and Canda v. Canda,92 N.J. Eq. 423.
The same vice-chancellor, in Fidelity Union Trust Co. v.Rowland, supra, construing a paragraph of the will there under consideration, in which the devise was to the executors, in trust, to pay over income until the beneficiary attained the age of thirty, at that time bequeathing to the beneficiary the principal, said:
"A legacy in trust to use the income for the maintenance of the legatee until he arrives at thirty, and the corpus to the legatee `upon attaining the age of thirty years' is vested both as to income and corpus, and passes to the administrator of the legatee forthwith, though the latter, if living, would not be of the prescribed age."
The learned vice-chancellor was dealing with a situation not dissimilar to the case sub judice, except here the trustees were ordered to divide among the grandchildren the estate in the trustees' hands, upon the death of the mother, testator's daughter, the division to be made at that time, but the trustees to hold the payment of the corpus until the grandchildren attain the age of twenty-eight years.
In Dwyer v. National Newark, c., Banking Co., 103 N.J. Eq. 481
(at p. 486), the court said:
"The direction that if at the occurrence of the event a child be under the required age the trustees shall hold its share until it arrives, does not affect the vesting; the enjoyment alone is postponed."
Complainants rely mainly on the decision in McGill v. TrustCompany of New Jersey, 94 N.J. Eq. 657. In that case the provision was:
"In the event of the death of my son Alexander his share of my net income shall be used by the trustee of my estate for the education and support of any children he may leave *Page 199 
exclusively until he, she or they arrive at the age of twenty-five years, when the share of my estate from which the said income is derived shall be equally divided among them, or if only one lives, shall be given to that one outright.
"In the event that the children of my son Alexander should die before they attain the age of twenty-five years and none survive, then their shares of my estate shall be given to my heirs of blood."
It will be observed that in the McGill will the testator, after providing a trust fund for his son for life, provides the income shall be paid to his children until they reach the age of twenty-five years, when the corpus shall be divided among them. The result is that the time for vesting and the determination of those entitled thereto is postponed for lives in being twenty-five years, but in the instant case, upon the death of the mother, the second life tenant, "the corpus shall go to and be equally divided among" the issue surviving his daughter, with the result that the remainder vests immediately upon the death of the mother; the class is in being and determined at that time; only the enjoyment is postponed by subsequent provisions of the will.
It will also be noticed that in the will of Mr. Loewy there is no gift over if the children of his daughter, Evelyn R. Latz, fail to attain the age of twenty-eight years, while in theMcGill Case, if the children of Alexander should die before they attain the age of twenty-five years and none survive, their share or shares go to the heirs of the testator. In the instant case, upon the death of the second life tenant, the mother of the grandchildren, the gift to the children is absolute. There is no provision for a gift over, and as stated above, the only provision in testator's will is if all the children "depart this life in the lifetime of my daughter" and also only if they died "without leaving lawful issue surviving * * * then the corpus
of my estate shall go to * * * my said daughter."
Another distinguishing feature between the McGill Case and the instant case is that the determination of and the closing of the class to which the gift is made is within the perpetuity rule. *Page 200 
On this point the court in the McGill Case (at p. 665), considering gifts to a class, said:
"Gifts over to a class, where the class is open until some future time, are technically vested, * * * if there be one or more of the class in esse at the time of the making of the gift. Nevertheless, from the standpoint of the perpetuity rule, they stand on the same footing as purely contingent gifts, since the final membership of the class, and, hence, the actual ascertainment of the persons who will take, will not be determined until the time fixed for the closing of the class. And when the time fixed for the closing of the class is so remote as to conflict with the perpetuity rule, the gift is void."
In the instant case there were five children living at the time testator executed his will and at the death of the testator, consequently the gift over was technically vested, i.e., the estate was vested in the five defendants on the death of the testator, subject to being divested to let in children born after the death of the testator and before the death of the second life tenant. But the time for determining and closing the class was at the death of the second life tenant, to wit, the daughter of the testator and the mother of the grandchildren, and that time of the closing of the class was at the end of two lives in being and, therefore, within the rule.
The complainants are advised that the gifts to the grandchildren of the testator were and are valid provisions of the testator's will and not void as against the perpetuities rule. *Page 201