In the Matter of the Accounting of GEORGE L. FREY et al., as Trustees under the Will of JAMES V. HAMILTON, Deceased.

Surrogate's Court, New York County, May 21, 1953.

*Richard L. Morgan* for trustees, petitioners.

*John A. Brough* and *Julian L. Peabody* for Broward National Bank of Ft. Lauderdale, as executor and trustee under the will of Alfred H. Hamilton, deceased, and another, respondents.

*Lee McCanliss* and *Ethan A. Hitchcock* for Ruth F. Brewerton, respondent.

Collins, S. In this proceeding for the settlement of the account of the trustees, construction of the will of the deceased and that of his son as donee of a power of appointment is requested in order to determine the validity of the attempted exercise of the power. Deceased, whose will was admitted to probate in this court as that of a resident of New Jersey, directed the division of his residuary estate into sixths. Two sixths thereof were to be held in trust for his son, Alfred H. Hamilton, for life with remainder to his " heirs " as that term was defined in article ninth of the will to mean: " By the phrase heirs of any beneficiary named in this will, I intend to designate such persons as he or she may by last will appoint, or in default of appointment, such persons as would be entitled under the laws of the State of New York then in effect to share in his or her personal property assuming him or her to have died intestate a resident of the State of New York, and in the proportions in which such persons would be so entitled."

Another two-sixths share the testator directed be held in trust for his wife for life and on her death one half the principal thereof added to the trust for his son Alfred. The widow predeceased the son and on her death one half of the fund theretofore held in trust for her benefit was added to the trust for the son and the income thereon paid him for life. The son died a resident of the State of Florida executing a will in which he directed the creation of a trust of his residuary estate including the appointive property for the lives of his wife and daughter, both of whom were in existence at the death of our testator. The question presented in this proceeding is whether the exercise of the power of appointment in the manner attempted constitutes a violation of the Rule against Perpetuities or whether it may be upheld because of the fact that the deceased died a resident of New Jersey where the common-law rule prevails.

It is clear that if the will were to be construed in accordance with the laws of the State of New York that a violation of the Rule against Perpetuities manifestly results from the attempt by the son to continue the fund in trust for a period of two

additional lives (Real Property Law, § 42; Personal Property Law, § 11). Since the decree admitting the deceased's will to probate expressly recites the fact of his New Jersey residence, the court is required to apply the law of the State of New Jersey rather than the laws of this State in determining the validity of the exercise of the power (Decedent Estate Law, § 47; *Matter of Gifford,* 279 N. Y. 470; *Bishop* v. *Bishop,* 257 N. Y. 40, Note, 80 A. L. R. 1210). The law of New Jersey is to the same effect (*Farnum* v. *Pennsylvania Co. for Ins. on Lives,* 87 N. J. Eq. 108, affd. 87 N. J. Eq. 652).

As a corollary of the rule stated it is a principle of decision that the validity of the exercise of a power of appointment must be determined under the law of the domicile of the donor of the power (*Matter of New York Life Ins. & Trust Co.,* 209 N. Y. 585; *Chase Nat. Bank* v. *Central Hanover Bank & Trust Co.,* 265 App. Div. 434). To like effect are the decisions in New Jersey (*Farnum* v. *Pennsylvania Co. for Ins. on Lives, supra; Matter of Winter,* 47 A. 2d 548 [N. J.]). We look, therefore, to the law of New Jersey to determine in this case whether the power of appointment was lawfully exercised by the donee when he directed the continuance of the fund in further trust.

Under the law of New Jersey vesting of the estate will not be postponed under the will of the donee for a period exceeding the maximum permissible. A question calling for the interpretation of the New Jersey rule was before the court in *Matter of Sherman* (71 N. Y. S. 2d 492). There the court said (pp. 496–497):

" The New Jersey law will be judicially noticed by our courts in their discretion, Civil Practice Act, § 344-a subd. 1. In addition the unwritten or common law of New Jersey has been proved as a fact by oral evidence, Civil Practice Act, § 391.

" The examination of the New Jersey cases and texts employed by, or referred to, in decisions of the New Jersey courts, reveals the following as a fair and correct statement of the law of that State applicable herein.

" New Jersey has no statutory rule against restraints on alienation of estates or interests therein, the same or similar to the statutory rule prevailing in New York.

" The common law rule against perpetuities as it existed in England prior to our separation and as it is interpreted by the courts, prevails in New Jersey. This rule is directed against remoteness of vesting and is designed to control future estates. It has nothing to do with present interests and excludes completely vested interests.

" The rule against perpetuities is defined by John Chipman Gray in the 4th Edition, ' The Rule Against Perpetuities ' at page 191, § 201, as follows: ' No interest subject to a condition precedent is good, unless the condition must be fulfilled, if at all, within 21 years after some life in being at the creation of the interest.'

" So the New Jersey courts have held:

" ' The rule is directed solely against the unlawful postponement of the vesting of estates, and is not applicable to their possession or enjoyment.' Lembeck v. Lembeck, 73 N. J. Eq. 427, 429, 68 A. 337, 338, affirmed 74 N. J. Eq. 848, 71 A. 240; Guarantee Trust Co. v. Latz, 119 N. J. Eq. 194, 197, 181 A. 645, 647.

" ' If an estate vests within the prescribed period, the postponement of the time of enjoyment beyond lives in being and 1 and 20 years thereafter does not contravene the rule against perpetuities.' Trippe v. National Newark & Essex Banking Co., 98 N. J. Eq. 462, 465, 131 A. 162, 163, affirmed 100 N. J. Eq. 356, 134 A. 919; Potter v. Nixon, 81 N. J. Eq. 338, 86 A. 444 aff'd 82 N. J. Eq. 661, 91 A. 1070."

Since it has been established that the wife and daughter of the donee of the power were in existence at the creation of the trust, the court holds that the power of appointment has been validly exercised by the son in his will. The trustees named in that instrument will be required to qualify in the estate of the deceased before assuming any duties in connection with their administration of the fund. Counsel fees have been fixed in the amount requested.

Submit decree on notice in accordance with the foregoing and settling the account as filed.