Neilson v. Bishop.

ROBERT H. NEILSON and WILLIAM D. CHETWOOD, executors
of the will of Mary A. McClelland, deceased,

v.

MARY F. BISHOP, executrix of the will of Alexander McC.
Bishop, deceased, et al.

1. The general policy of the law and the rules of interpretation require that legacies in all cases, unless clearly inconsistent with the intention of the testator, should be held to be vested rather than contingent.

2. Where the time specified in the bequest is annexed to the payment only, the legacy vests immediately on the death of the testator, but where the time is annexed to the gift itself, the legacy does not vest until such time arrives.

3. The fact that the enjoyment is uncertain never interferes with the vesting of an estate. When the contingency is not in the person, but in the event when enjoyment shall commence, or in the time of the enjoyment, the interest will be considered vested.

4. A gift to trustees, for the sole use and benefit of their cestuis que trust, will be regarded in equity as equivalent to a direct gift to the cestuis que trust.

5. Where a gift is made to two, subject to a condition that if both die without issue before the day of payment, the subject of the gift shall revert to the testator's estate, no reverter will occur unless both die without issue before the day of payment.

6. An estate or interest vested cannot be divested unless all the events, upon which the property is given over, happen, and this rule will be adhered to even if an absurd and whimsical intention be thereby imputed to the testator.

---

Neilson *v.* Bishop.

---

On final hearing on bill, answer and proofs taken in open court.

*Mr. George C. Ludlow,* for the complainants.

*Mr. Garret D. W. Vroom,* for the executrix of Alexander McC. Bishop, deceased.

VAN FLEET, V. C.

The complainants are the executors of the will of Mary A. McClelland, deceased. They ask direction as to what disposition they shall make of a part of the estate of their testatrix.

The testatrix, by her will, executed in March, 1864, gave two of her grandchildren, Howard W. Bishop and Alexander McC. Bishop, $3,000 each. Howard W., one of the two legatees, died in September, 1866, leaving an only child, named Howard Bishop. In December, 1868, the testatrix executed a codicil to her will, revoking the gift of $3,000 each to Howard W. and Alexander McC., and in lieu thereof gave to her executors the sum of $12,000, with direction to invest the same for the sole use and benefit of her grandson, Alexander McC. Bishop, and of her great-grandson, the son of her deceased grandson, Howard W. Bishop. The codicil then, in substance, says:

"And I hereby order and direct my executors to pay over one-half of the clear yearly income of said sum to Alexander, and the other half of said income to the guardian of my great-grandson, until my great-grandson shall become of lawful age, when my executors shall pay over the same, together with the principal thereof, to my great-grandson and my grandson Alexander, share and share alike. Should either of said descendants die, the survivor shall have the whole of the interest on said sum; should both of them die before my said great-grandchild comes of age, the whole, together with the principal sum, shall revert to my estate, to be disposed of accordingly."

By a further codicil, executed in January, 1869, the testatrix said:

"If my grandson, Alexander McC. Bishop, and my great-grandson, Howard Bishop, both die without children, then their and each of their shares shall revert to my estate."

The testatrix died in February, 1870. Her grandson, Alexander McC. Bishop, died in April, 1885, without issue, never having been married. He left a will by which he made Mary F. Bishop his sole legatee, and appointed her his sole executrix. Howard Bishop, the testatrix's great-grandson, attained his majority in February, 1888, and soon thereafter brought a suit in this court in which he sought to recover the whole of the $12,000. He was awarded one-half, together with the income on the whole sum from the death of his co-legatee up to the time he attained his majority. *Bishop* v. *McClelland, 17 Stew. Eq. 450.* The other half still remains in the hands of the complainants. Adverse claims are made to it. It is claimed by the personal representative of Alexander McC. Bishop, deceased, and also by the next of kin of the testatrix and by the residuary legatees under her will. The complainants bring this suit to obtain direction as to whom they shall pay it.

It was conceded on the argument that the time of death meant in the last codicil, is death before the legacies became payable. The testatrix, by that codicil, in substance, said, that if both of her legatees should die without children, their and each of their shares should revert to her estate. Death, it will be observed, is spoken of generally and without restriction as to time, but both counsel conceded that a bequest made in this form is to be construed, not as meaning death at any time in the future, but death before the legacies became payable by the terms of the will. This is the construction which such bequests must receive according to the well-established rule. *Baldwin* v. *Taylor, 10 Stew. Eq. 78; S. C. on appeal, 11 Stew. Eq. 637.*

According to well-established principles, the legacy in question must be held to have vested in Alexander McC. Bishop. The general policy of the law and the rules of interpretation require that legacies in all cases, unless clearly inconsistent with the intention of the testator, should be held to be vested rather than contingent. *Van Dyke* v. *Vanderpool, 1 McCart. 198, 207.* Where the time specified in the bequest is annexed to the payment only, as where a legacy is given payable or to be paid when the legatee attains twenty-one years (or on the happening of any

other certain or uncertain event), the legacy vests immediately
on the death of the testator. It is a present gift. The time of
payment only is postponed. But where the time of payment is
annexed, not to the payment only, but to the gift itself, as when
the legacy is given to the legatee at twenty-one, or if or when he
attains the age of twenty-one, the legacy does not vest until the
legatee attains that age. The gift is upon the condition that
the legatee shall attain the age specified. *Gifford* v. *Thorn, 1
Stock. 702, 705.* The fact that the enjoyment is uncertain never
interferes with the vesting of an estate. Where the contingency
is not in the person, but in the event [when the enjoyment
shall commence], or in the time of the enjoyment, the interest
is vested. *Van Dyke* v. *Vanderpool, 1 McCart. 198, 207.*

. The gift under consideration was not made directly to the
legatees, but to trustees, for the sole use and benefit of the lega-
tees. The gift to the trustees is absolute. They held the $12,000
by as perfect a title as could be made. They held it, however,
not for their own benefit, but for the benefit of their *cestuis que
trust.* The terms of the trust were, that they were to hold and
invest the money, for the benefit of their *cestuis que trust,* until
the youngest of the two became of lawful age, and then the
fund, principal and interest, was to be paid to the *cestuis que
trust,* share and share alike. A gift in this form is in equity
equivalent, in all respects, to a direct gift to the *cestuis que trust.*
They are in fact the legatees. *Cushing* v. *Blake, 3 Stew. Eq.
689, 695.* According to the principles above stated, the $12,000
vested in Howard and Alexander McC. immediately on the death
of the testatrix, subject, however, to be divested on the happen-
ing of one event or contingency, namely, the death of both with-
out issue before Howard attained his majority. By the first
codicil the testatrix said, that if both of her legatees should die
before the youngest came of age, then the whole fund should
revert to her estate, and by the second she said, that if both should
die without children, then their and each of their shares should
revert to her estate. The condition prescribed by both codicils
is, that the legacies shall only revert in case of the death of both,
not on the death of either; nor do either of the codicils say that if

either of the legatees should die, before the day of payment, his share shall revert. No provision is made for the turning back of a fractional part of the $12,000 in any event. The literal satisfaction of the language of both codicils requires, in order to send the legacies back to the testatrix's estate, that the death of both legatees, without issue, shall occur before the day fixed for payment of the legacies. Their and each of their shares are to revert on the death of both, but neither codicil says that the share of one, if one dies before the day fixed for payment, shall revert if the other lives. Both must die without issue, and before the day of payment, in order to send the $12,000 back to the testatrix's estate. Such a condition, in the language of Surrogate Bradford, in *Weyman* v. *Ringold, 1 Bradf. 40, 48,* will admit of no latitude of construction, but must be interpreted literally. When there is a condition which is copulative, the whole must be performed or fulfilled to effect a divestiture of the first taker and send the property elsewhere. The rule is well established, that estates vested are not to be divested, unless all the events, upon which the property is given over, happen, and this rule will be adhered to even if an absurd and whimsical intention be thereby imputed to the testator. *Weyman* v. *Ringold, 1 Bradf. 40, 51.*

A decree will be made directing the payment of the fund in question to the personal representative of Alexander McC. Bishop, deceased. The complainants will be allowed costs and counsel fees out of the fund.