Ida H. Canda, complainant-respondent,

*v.*

Abeel Canda et al., defendants-appellants.

[Submitted November 25th, 1920.   Decided February 28th, 1921.]

The testator was at the time of his death a large holder of the stock of a close corporation, and liable for its debts to a considerable extent by endorsements and written guaranty. By his last will and testament he bequeathed the residue of his estate, after payment of his debts, including a debt due his wife, and the liquidation of the debts of the company, to his children. It appeared that the executors had ample funds to pay the debt to the wife and that every obligation of the company on which the testator was personally liable or his estate obligated by endorsements or otherwise authorized by his will had been paid, and that the company was able to pay all its debts. On bill for distribution—*Held* (*a*) That the gift of the residue vested at the death of testator,

and that postponement of distribution until debts were paid did not render the gift one in violation of the rule against perpetuities.    (b) That the proper construction of the will limited the debts of the company to be paid before distribution to those for which testator was personally liable as guarantor or endorser.

On appeal from chancery.

*Mr. Harrison P. Lindabury,* for the respondent.

*Mr. Albert C. Wall* and *Mr. Henry B. Gayley* (of the New York bar), for the appellants.

The opinion of the court was delivered by

BERGEN, J.

Charles J. Canda departed this life testate and by his last will bequeathed the residue of his estate to his two sons, Charles A. Canda and Abeel Canda, as executors and trustees upon trust to pay to his widow from time to time such sum, either from income or principal, as she might call for, and to apply any surplus income to the liquidation of his indebtedness, and then bequeathed certain shares of the preferred capital stock of the Chrome Steel Works and the capital stock of the Canda Realty Company to three of his daughters. The sixth clause of the will declares:

"After the death of my said wife, the liquidation of my said indebtedness, including my indebtedness to my said wife, and the liquidation of the indebtedness of the Chrome Steel Works I give, devise and bequeath all the rest, residue and remainder of my said estate to my two sons, Charles A. Canda and Abeel Canda, to be equally divided between them."

Charles A. Canda died testate and bequeathed to his wife, Ida Holmes Canda, the complainant, his interest in the estate of his father. Subsequently, the legatees named in the will of Charles J. Canda and Ida Holmes Canda entered into a written agreement by which the gifts of the capital stock above recited to his three daughters were abrogated, and all of the property of the estate of the testator instead of being divided as provided

in the will, should be equally divided 'between the legatees so that each party should receive on the distribution of the estate one equal fifth part thereof; "the distribution, however, of said shares of said estate is to be made at the time specified in the last will and testament, *i. e.,* after the liquidation of all the debts of the testator, including his indebtedness to his wife and the liquidation of the indebtedness to the Chrome Steel Works." The validity of this agreement is not disputed. It appears in this record that at the time of the death of the testator he was indebted to his wife in a considerable sum which has been reduced to $79,022.60; that the wife is dead and the debt due her still unpaid. It further appears that at the time of the death of the testator he was obligated as guarantor for the Chrome Steel Works for a large sum of money, but that subsequent to the death of the testator all of his obligations for the Chrome Steel Works have been paid; that the Chrome Steel Works has ample means to pay all its indebtedness, leaving assets in excess of the capital stock, and that since the death of the testator dividends had been paid on the stock of the Chrome Steel Works, amounting to sixty per cent., a total of $600,000. The complainant, the legatee of Charles A. Canda, files this bill praying for a division of the residue of the estate among those entitled, and after answer by the trustees and the other defendants interested in the estate the cause was referred to an advisory master who, after hearing, advised a decree that the executors now distribute the residue of the estate, first paying the debts of the testator, including that to the estate of his wife, but excluding the unpaid remaining indebtedness of the Chrome Steel Works, and it is from a decree so advised that the defendants appeal. We think the decree should be affirmed but not for the reason given by the advisory master. The master in giving his reasons for the result he reached expresses his distrust of the soundness of the opinion in *Lembeck et al.* v. *Lembeck et al.,* 73 *N. J. Eq.* 427; affirmed by this court, 74 *N. J. Eq.* 848, where it was held that the rule against perpetuities did not apply to the right of possession or enjoyment of the estate, but only where the vesting of the estate was postponed for a period extending beyond a life in being and twenty-one years there-

after.  The master intimated that the opinion in the case cited
makes no distinction between ownership and possession, and
then proceeds that while precluded by the decision in *Lembeck*
v. *Lembeck, supra,* from holding that the rule against perpetui-
ties applies to a postponement of possession as distinguished
from ownership, he was not precluded from holding that where
there is a limitation upon the time for which such possession
may be severed from ownership and that where the direction
of the will operates to withhold possession of an absolute gift
for an unreasonable length of time it may be disregarded, and
based his conclusion on the rule, which he declared, that where
the time of possession was so uncertain that the court cannot
determine with any reasonable approximation when enjoyment
and possession would be united with ownership, the provision
postponing possession may be disregarded.  It is not necessary
to adopt any such rule for the proper determination of this
cause, and while we decline to at present approve of any such
proposition, we ought not to pass it without comment simply
because we agree to the result reached by the master on other
grounds.  In our opinion the gift of the residue of testator's
estate vested at the time of his death with postponement of
possession until the death of his wife and the debts enumerated
were liquidated.  What the testator intended by the use of the
word "liquidated" is not entirely clear, for it has several mean-
ings, such as ascertained, determined, fixed, settled, paid, dis-
charged (*Black's Law Dict.*), but we have assumed, as most
favorable to the appellants, that the testator meant paid.  The
question for determination is whether the conditions contained
in the will and upon which the right to possession rests have
been fulfilled.

The first was the death of testator's wife, which has occurred.
Second, the payment of his indebtedness to his wife, which has
not been paid, but it is admitted that the executors have ample
funds of the estate to pay the debt due her estate in the regular
course of administration, and postponement of distribution can-
not rest upon the neglect of the defendant executors to pay this
debt.  Third, the "liquidation of the indebtedness of the Chrome
Steel Works."  It is admitted that all of the indebtedness of the
Chrome Steel Works for which testator was obligated either as

endorser or guarantor have been liquidated, but the appellants argue that under the terms of the will the right to distribution depends upon the liquidation of all the debts of the Chrome Steel Works, including those which the testator was not obligated to pay either as endorser or guarantor. This we do not conceive to have been the intention of the testator as expressed in his will, for by it the distribution was to be made after the death of his wife, and the payment of his debts, in which he included the debt due his wife and the indebtedness of the Chrome Steel Works which, taken in connection with other parts of the will, does not include anything but testator's indebtedness. The debts of the Chrome Steel Works, except as he had obligated himself, were not his indebtedness. That there were debts of the Chrome Steel Works which he was obligated to pay appears in section 14 of the will, where the testator authorizes his executors "to renew any and all guaranties which I have given and endorsements which I have made in connection with the business of the Chrome Steel Works," and it is this character of indebtedness of the Chrome Steel Works which we think the testator intended should be paid before distribution, and it being admitted in the cause that all such debts have been liquidated, it seems to us that every condition relating to postponement of possession has been performed, and, therefore, the legatees are entitled to have the residue of the estate distributed. A portion of the estate is the interest which the testator had in the co-partnership of Canda Brothers, and as to this interest the decree postpones distribution for twelve months after the date of the decree. This part of the decree is not complained of in the brief of either party. The complainant has not appealed from any part of the decree, nor do the appellants claim to be aggrieved by this partial postponement of distribution. Appellants' sole objection is that it was error to adjudge a distribution of any part of the estate, and a postponement of the distribution of testator's interest in the partnership of Canda Brothers was to that extent favorable to the appellants. The propriety of this limitation was not argued and requires no consideration by us. In our opinion *Lembeck et al.* v. *Lembeck et al., supra,* is applicable to the cause under review and the decree will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON—15.

*For reversal*—None.