William R. Trippe died May 20th, 1923, leaving a last will and testatment dated October 8th, 1922, duly probated. In the eighth paragraph of his will he gave to the National Newark and Essex Banking Company $100,000, in trust, to pay the income to his children, Lucy, Grace and William H. Trippe, in equal shares, their children to take the parent's share of the income if any should die before the termination of the trust; upon the death of one of his children without legal issue the income to be divided between the two survivors, and upon the death of a second of his children without legal issue,
"then one-half of the income of said trust fund shall be paid in like manner to the surviving child for and during the term of his or her natural life, and upon his or her decease leaving lawful issue, then to such lawful issue or his or her descendants until they severally attain the age of twenty-five years, at which time they are to receive the principal; the remaining half of the principal of this trust fund, together with any unexpended income thereof, or accretions thereto, shall be devoted, in conjunction with one-half the principal of another fund hereinafter directed to be established and held by my children or trustees, viz., the fund mentioned in section eleven to the establishment, uses and maintenance of a Working Girl's Vacation Home, and shall be held by the trustees and transferred, assigned and paid over to the corporation hereinafter more specifically mentioned for those purposes."
By the eleventh paragraph he gave the residue of his estate to his executors (his three children) substantially upon the same trust imposed by the eighth paragraph, and then provided that —
"The Working Girl's Vacation Home is to be established in case any two of my children shall die, leaving no lawful issue who attain the age of twenty-five years, or legal descendants of the same who attain said age, with one-half part of the principal of the trust fund mentioned in the eighth section or paragraph of this will immediately upon the happening of that event, the remaining portion of the principal being held for the benefit of my surviving child, and his or her *Page 464 
descendants, if any; and, in like manner, one-half of the trust fund hereby directed to be established from the residue of my estate is to be devoted and applied to that purpose immediately upon the death of any two of my children, without lawful descendants; and if all of my three children die without lawful issue and without lawful descendants of any such issue who shall attain the age of twenty-five years, then the remaining portion of the trust fund mentioned in said eighth section or paragraph, as well as the remaining portion of the fund herein mentioned, with any accrued income or accretions, is to be applied and devoted to that purpose." (Then follows directions for operating the home.)
By the twelfth and thirteenth paragraphs he testated as follows:
"Twelfth. Should all of my children die prior to May 1st, 1940, leaving no lawful issue and no descendants of such issue, then the whole of said trust funds shall be used and devoted to the establishment, maintenance and purposes of said Vacation Home, under the conditions hereinbefore provided, in conjunction with a similar fund establshed by the will of my wife, Lucy Jewett Trippe, if the same comes into existence under terms of her will; and the trustees of said trust fund who may be appointed to succeed the last surviving child shall have power to sell, convey and lease any real estate that may then be unsold.
"Thirteenth. Should any of my children die leaving lawful issue, then the child or children of the deceased parent shall receive and take the parent's one-third share of said trust fund, the income from which is to be applied to their support or added to the principal, as may be deemed best, until they severally reach the age of twenty-one years; thereafter, and until they severally reach the age of twenty-five years, such income is to be paid directly to them, and upon their reaching the said age of twenty-five years the entire principal sum, with any accumulation of interest thereon or accretion thereto, of the parent's share of the trust fund, shall be paid to them."
The testator's three children and an infant child of his son survived him. The two daughters, aged, respectively, forty-three and thirty-two, are unmarried.
The three children of the testator filed this bill, claiming that the trusts, in respect of gifts of corpus, violate the rule against perpetuities and are void, and, consequently, that the testator died intestate as to corpus, and that, as they hold the life interest and are next of kin, they are entitled to the estate. *Page 465 
A slight rearrangement of the structure of the will removes whatever confusion there may be as to the testator's intent and purpose.
The income of the estate is given to testator's children for life, in equal shares; at their death to their issue until they arrive at the age of twenty-five years, when they are to have the principal. Until twenty-one they may have the benefit of the income in the discretion of the trustees, and, thence, the use until they are twenty-five. If two of his children die without issue, the share of the survivor and his issue is increased to one-half; the other half is to go to the vacation home. The whole of the estate is to go to the vacation home if all three children die leaving no lawful issue or lawful descendants who reach twenty-five years of age or die before 1940. By legal issue the testator meant children. It will be noted that if only one child dies without issue intestacy follows as to its share.
The single question to be determined is whether the complainants are entitled to recover the corpus of the estate, and for answer we need look no further than the thirteenth paragraph of the will. By its provisions the lawful issue of the testator's children are, on the death of their parent, toreceive and take their parent's one-third share of the trust funds. The gift of principal vests immediately upon the death of the parent, the enjoyment of the income being postponed until the issue severally reach twenty-one, and of the principal until they reach twenty-five, with possible beneficial use of the income until twenty-one. If an estate vests within the prescribed period, the postponement of the time of enjoyment beyond lives in being and one and twenty years thereafter does not contravene the rule against perpetuities. Dusenberry v. Johnson, 59 N.J. Eq. 336; Lembeck v. Lembeck, 73 N.J. Eq. 427; In re Smisson,79 N.J. Eq. 233; Canda v. Canda, 92 N.J. Eq. 423. If the time of payment offends the rule against restraint upon enjoyment the restriction is void, not the gift. Gray Perp. (3d ed.) 100,503 Foulkes Perp. 292; Lembeck v. Lembeck, supra. *Page 466 
It would seem that the vested estates are subject to being divested or modified as to quantity, only, if two or all three children die without issue or descendants attaining twenty-five years of age. It is suggested, not decided, that if the gifts, upon these events, under the eighth and eleventh paragraphs are void for remoteness, which seems to be the principal contention of the complainants, then, the limitations over, if they are such, being void, there would be no divestment.
The gifts of corpus to the grandchildren under the thirteenth paragraph are independent of and not at all implicated with the alleged invalid gifts of corpus under the eighth and eleventh paragraphs. McGill v. Trust Co., 94 N.J. Eq. 657.
We are not to assume that any of the three children of the testator will die without leaving issue, and, of course, not the more remote possibility that two or all of them will die without leaving lawful issue so as to bring into discussion the legality of the gifts of corpus under the eighth and eleventh paragraphs. It may well be, as complainants contend, that these gifts are void under McGill v. Trust Co., supra, but we are not at this time concerned with the disposition of the estate upon the events upon which they are predicated. Those contingencies have not arisen and may never happen. If they or either ever come to pass others may then have come into being and have the right to be heard. Nor are we to anticipate that all three children may die without issue before 1940, and what then would happen. It would be inappropriate to decide at this time the status of the trusts upon the happening of any of these contingencies. Nagle v. Conard, 79 N.J. Eq. 124; Tanner v.Boynton Lumber Co., 98 N.J. Eq. 85.
The contention of the complainants that the testator tied up the principal of his estate for the benefit of his grandchildren, in violation of the rule against perpetuities, is not sustained. His chief concern was the support of his children and his grandchildren, the latter until they arrived at mature judgment, and the postponement of enjoyment of the principal *Page 467 
was in furtherance of his solicitude for his grandchildren during a period of possible indiscretion. Such restrictions upon enjoyment are permissible. 2 R.C.L. 347; Lembeck v. Lembeck,supra. At all events, the complainants cannot impeach them. Thecestuis que trustent alone may. Foulkes Perp. 293.
The complainants are not entitled to the estate. Moreover, the gifts of the income to the legal issue of the testator's children are valid and would bar recovery, even if the gifts of corpus
were void for remoteness. McGill v. Trust Co., supra.
Bill dismissed.