The complainant is the widow of Robert H. McCarter Potter, deceased, by whose will she was given a part of the income of his estate for life in lieu of her dower in his lands, and her bill is filed to obtain a discovery of the estate in order that she may judiciously elect whether to take the gift or her dower.
The deceased was childless, and upon the suggestion that she would be the sole distributee under the statute of his personal estate in the event that some of the provisions of the will are invalid, resulting in total or partial intestacy, the complainant also asks that the will be construed and her rights declared.
By the third paragraph of the will the residue of the estate is given to the executors in trust to
"[a] convert the personal property into cash, [b and d] to sell the real estate, [c] invest the proceeds in certain securities, [e] pay the encumbrances on improved real estate and farm property `as in their [trustees'] judgment they may deem advisable from time to time.' [f] If the proceeds of sales of personal property and unimproved real estate and farm property are not sufficient to pay the encumbrances on the improved property `and my executors shall deem it advisable, then, and in that event, to use so much of the net income derived from my estate for the purpose of paying off the whole or any part of the encumbrances that may be due upon my improved real estate.'
"`[g] To pay over the net income from my estate, except if used as above provided unto the following persons in the following proportions: Unto my wife, Mable Lawrence Potter, thirty-three and one-third per cent. [33 1/3%] thereof from and during the term of her natural life, and this in lieu of any and all dower rights which she may have in and to my said estate. In the event my said wife shall refuse to take under the provisions hereof, then, and in that event, she shall take nothing hereunder.' Of the balance of the income twenty-five per cent. is given to William Bell Watkins for *Page 540 
life, and upon his death to his wife, Gladys Watkins, for life; fifteen per cent. to Henrietta Heloise Gittens for life; ten per cent. to Joseph Marsh Stanford for life, and sixteen and two-thirds per cent. is given to Mary Williamson and Frances Williamson in equal shares for life.
"Fourth. Upon the death of any of my said legatees in the above paragraph third mentioned [other than my friend, William Bell Watkins], and upon the death of Gladys Watkins, wife of said William Bell Watkins, the net income from my estate to which said deceased legatee would be entitled shall be invested and reinvested in the same securities hereinbefore mentioned, for the benefit of William Bell Watkins, Junior, and Virginia Watkins, children of William Bell Watkins and Gladys Watkins, in equal proportions, share and share alike, until they and each of them arrive at the age of twenty-one [21] years.
"Fifth. Upon the death of my said legatees, Mable Lawrence Potter, William Bell Watkins, Gladys Watkins, Henrietta Heloise Gittens, Joseph Marsh Stanford, Mary Williamson and Frances Williamson, then, and in that event, I give, devise and bequeath, in equal proportions, all of my estate of every nature and description whatsoever, unto said William Bell Watkins, Jr., and Virginia Watkins, or the survivor of them, when they and each of them arrive at the age of twenty-one [21] years."
It is conceded that the bequest to the widow is precarious in that the trustees have the discretionary right to appropriate the income to the payment of encumbrances or divide it among the life interests, and the right of the complainant to a discovery for the purpose of electing is not denied. The complainant is not entitled to any further construction of the will in respect of her right to a discovery, for in exercising her election she is confined to a choice between her estate in dower in the lands and her own gift in lieu of dower, and, consequently, the other gifts are not involved. And if any of the bequests are invalid, resulting in intestacy, she would take as distributee under the statute irrespective of her election. She would take by operation of law wholly apart from what she would take by election. The declaration in the will that she shall take nothing under thewill if she refuses the gift means exactly what it says, but that does not deprive her of her dower in her own right nor from taking as distributee under the statute of that of which her husband died intestate. The right to take under the statute of distribution in case of partial intestacy is not defeated by *Page 541 
the words of disinheritance in the will. Nagle v. Conard,79 N.J. Eq. 124.
The complainant's right to have the will construed rests on section 7 of the Chancery act of 1915, that "any person claiming a right cognizable in a court of equity, under a deed, will or other written instrument, may apply for the determination of any question of construction thereof in so far as the same affects such rights, and for a declaration of the rights of the persons interested." C.S. Cum. Supp. 271. The complainant does not claim any right. She simply alleges that she "is advised that it may well be that the third item in the said will and the provisions thereof are invalid and contrary to the laws of the State of New Jersey," and that she "is advised that the trusts attempted to be created by the provisions of said third item of said will may extend beyond lives in being," and that she "is advised that the provisions of the fifth item in said will are or may be invalid under the laws of the State of New Jersey, and that by reason of invalidity in many provisions of said last will and testament complainant may have certain rights in the personal property of her late husband, of which rights no mention is made in said will." Such statements do not tender an issue upon which a decree can be based declaring the rights of the parties. Assuming that the issues will be properly framed, the opinion is that the trust does not contravene the rule against perpetuity. The time that may be consumed in the payment of encumbrances out of the income cannot extend beyond lives in being and one and twenty years, because the residue of the trust estate is to be paid to the Watkins children when they attain their majority. The use of the income to pay encumbrances comes to an end with the termination of the trust at that time. As to the gift of the residue of the trust estate to the Watkins children the inclination is to hold, on authority of Nielson v. Bishop,45 N.J. Eq. 473, that the bequest vested on the death of the testator and that the contingency attaches to the payment. The estate vested at that time in the trustees to the use of the remaindermen, and is regarded in equity as vested in the *Page 542 cestuis que trust. The further gift to the remaindermen amounted to a direction to pay it over to them when they arrived at twenty-one years of age. The principle is discussed inFidelity Union Trust Co. v. Rowland, 99 N.J. Eq. 72. But a dispositive opinion is not intended to be expressed. The point is not ripe for decision. The Watkins children are both living, and the complainant only has a possible interest as distributee under the statute if their bequest be contingent and both should die before twenty-one, and if they should die before reaching maturity their legal representatives would be vitally interested in the question of whether the gift was vested or contingent, and they cannot at this time be bound by a declaratory decree. The event may never come to pass, and, at all events, the decision must wait until it does, if it ever does. Nagle v. Conard,supra.
The statute of 1915 contemplates that, in order to be entitled to a construction, a suitor must have a fixed equitable right of future enjoyment in the subject-matter of the instrument to be construed; that the judgment should be binding upon all the parties interested in the subject-matter, and that all parties in interest should be before the court. The act was not intended to apply to equitable rights presently enforceable by existing remedies, nor was it intended that the court should construe documents simply for the purpose of advice and counsel, nor to declare possible rights depending upon future happening, but to construe and declare existing rights and bind the parties by a decree enforceable in the future as the circumstances may warrant. Chancellor Walker considered the purposes of the act.In re Ungaro, 88 N.J. Eq. 25, and in Miers v. Persons,92 N.J. Eq. 17; see, also, Snyder v. Taylor, 88 N.J. Eq. 513.
The complainant's interest is too remote to qualify her as a suitor under the act. *Page 543