ADELAIDE MESCE, COMPLAINANT–APPELLANT, v. DONATO GRADONE, FILOMENA GRADONE AND SHEPHERD SAVINGS AND LOAN ASSOCIATION, DEFENDANTS-RESPONDENTS.

Argued October 4, 1948—Decided December 6, 1948.

Mr. *Ralph G. Mesce* argued the cause for appellant.

Mr. *Walter P. Reilly* argued the cause for respondents, Donato Gradone and Filomena Gradone (*Mr. John G. Malanga*, Attorney).

Mr. *Ovid C. Bianchi* argued the cause for respondent, Shepherd Savings and Loan Association (*Messrs. Ovid C. Bianchi and Nicholas Joya*, Attorneys).

The opinion of the court was delivered by

VANDERBILT, C. J. The complainant has appealed from a decree of the former Court of Chancery dismissing a bill to partition premises in Newark originally owned by Rosa Buccino. The latter died in 1932, devising the land to her husband, Nicola Buccino, for life, with a remainder in fee to her son, Frederick Buccino, in trust, to sell the land and immediately to divide the proceeds equally among testatrix's ten children, one of whom was the trustee. In 1934 a judgment creditor of Frederick Buccino levied execution upon his interest in the land and his interest was thereupon sold by the Sheriff of Essex County in October, 1934, to the complainant's predecessor in title. The

life tenant, Nicola Buccino, died in 1935. In 1943 Frederick Buccino, as trustee, gave a deed purporting to convey full title to the land to a predecessor in title of defendants Donato Gradone and Filomena Gradone, his wife.

The bill of complaint for partition was filed by the complainant in 1946 against the defendants Gradone and the defendant Shepherd Savings and Loan Association, which holds a mortgage on the premises given by the immediate predecessor in title of the Gradones. In the bill the complainant claimed title in fee to an undivided one-tenth part of the premises, by virtue of the levy of execution and sheriff's sale in 1934. The learned Vice Chancellor on the pleadings determined that the complainant was not in laches, but declined to determine (1) whether or not the complainant had title to an undivided one-tenth part of the land and (2) whether or not the mortgage of the Shepherd Savings and Loan Association constituted a lien on that undivided part. Thereafter on the application of all parties an issue was framed and sent to the Supreme Court for its opinion on these two questions, a practice, it may be remarked in passing, that is no longer either necessary or proper under the new Constitution. It was thereupon certified to the Court of Chancery that, since a trust estate is not liable to seizure and sale on execution at law, complainant's title arising from an execution at law was not such as "will entitle her to partition." On the basis of this certification a decree was entered dismissing the bill.

The complainant appeals on the ground that since Frederick Buccino, who was the trustee of the remainder in fee, was also a beneficiary to the extent of one-tenth of the remainder, his equitable interest as beneficiary merged with his legal interest as trustee, thereby giving him full and complete legal and equitable title to an undivided one-tenth interest in the lands, which interest was subject to execution at law.

The gift of the remainder in trust, although merely to sell the land and distribute the proceeds, was an active trust, *Martling v. Martling*, 55 N. J. Eq. 771 (E. & A. 1896); *Phillips v. Vermeule*, 88 N. J. Eq. 500 (Ch. 1917); *Christine v. Baldwin*, 95 N. J. Eq. 83 (Ch. 1923); *Riley v. Riley*, 107 N. J.

*Eq.* 372 (*Ch.* 1930); 1 *Scott on Trusts,* § 69.1; it was not therefore executed by the Statute of Uses (*R. S.* 46:3–9).

 As has been noted, however, Frederick Buccino, the trustee of the remainder in fee, was also one of the ten beneficiaries of the trust. This raises a question as to whether there was a partial merger so as immediately to give to Frederick Buccino the complete legal and equitable title to an undivided one-tenth interest in the remainder in fee, thereby making his interest subject to levy and execution at law. Although the decisions in this State are in conflict, the precise question has never been considered in the court of last resort. Extending the sound rule that a sole trustee, who has also the entire beneficial interest, holds the property free of the trust, the earlier cases in this state held that where there were several trustees or beneficiaries and one or more of the trustees were also beneficiaries, a merger of the equitable interest of the trustee-beneficiary into his legal interest took place, *Cooper v. Cooper,* 5 *N. J. Eq.* 9 (*Ch.* 1845); *Wills v. Cooper,* 25 *N. J. L.* 137 (*Sup. Ct.* 1835); *Bolles v. State Trust Co.,* 27 *N. J. Eq.* 308 (*Ch.* 1876); *Bullis v. Pitman,* 90 *N. J. Eq.* 88 (*Ch.* 1918). The later cases, on the other hand, while continuing to recognize the rule that one person may not be sole trustee and sole beneficiary, have adopted the more salutary view that there is no merger where one or more of the several beneficiaries is or are also a trustee or trustees. *In re Vreeland,* 66 *N. J. Eq.* 297 (*Prerog.* 1903); *In re Thurston,* 104 *N. J. Eq.* 395 (*Prerog.* 1929); *Morgan v. Murton,* 131 *N. J. Eq.* 481 (*Ch.* 1942); *Savings Inv. and Trust Co. v. Little,* 135 *N. J. Eq.* 546 (*Ch.* 1944). These later cases proceed on the theory that the substantive and procedural difficuties in enforcing a trust where the sole trustee is also the sole beneficiary (namely), that a man cannot owe legal duties to himself and that he cannot sue himself) are not present where there are multiple trustees or beneficiaries. The other trustees can enforce the trust and the other beneficiaries can sue for the breach thereof and there is no reason, therefore, for defeating the intention of the settlor of the trust, which inevitably ensues where the equitable title is merged into the legal estate by operation of law. See 1 *Scott on Trusts,* § 99.3 *at p.* 525:

"Such a view, however, is objectionable since it defeats the purpose of the settlor in creating the trust. He intended that the whole legal interest should be subject to the trust to the same extent as though a third person were trustee. There is no reason of public policy requiring that the intention of the settlor should be thus defeated. Moreover, as a matter of legal technique, the view is unsound. The trust property given to the trustee was the whole of the trust property, and not two undivided shares or successive interests. It is the equitable interest of the beneficiaries and not the legal interest of the trustee which is divided. The trust attaches to the whole of the trust property, and no part of it is held by the trustee free of trust."

See also *Restatement, Trusts,* § 99; 1 *Bogert on Trusts and Trustees,* § 129, *p.* 383:

"But if there are two or more trustees or two or more *cestuis,* a diversity arises. The two or more trustees hold their interest (generally legal) as joint tenants. The title is vested in a group as a unit; while the two or more *cestuis* hold their equitable interests as tenants in common in almost all cases. This slight difference in the character of legal and equitable interests may justify the refusal to apply merger except in the instance of a single person as sole trustee and sole *cestui.* Thus, even if A and B hold a legal fee as trustees for A and B who have the complete equitable interest, the difference between joint tenancy and tenancy in common may be ample ground for leaving the trust intact."

The decision in *Rankine v. Metzger,* 69 *App. Div.* 264, 74 N. Y. *Supp.* 649 (1902), *aff'd* 174 *N. Y.* 540, 66 *N. E.* 1115 (1903) on facts on all fours with those in the case at bar is persuasive authority. There a testatrix willed property to her husband and a son in trust to pay the husband the income for life and on the majority of the youngest of her nine children to divide the principal between her husband and the nine children equally. On the death of the husband the son became the sole trustee. A judgment was obtained against the son by a creditor. The son later exercised the power of sale under the will. Thereafter an execution was issued on the judgment under which the sheriff purported to sell the interest of the son in the property. In an action of ejectment brought by the purchaser at the execution sale against the person claiming under the sale made by the son as trustee the court held for the defendant on the ground that, although the son was sole trustee and also one of the nine beneficiaries, there was no partial merger and therefore the son did not hold a legal interest in the one-ninth free of the trust; the lien of the judgment did not attach to the

son's interest and the power of sale was effectively exercised, with the result that the purchaser from the trustee acquired the entire legal and equitable estate. The court said (74 *N. Y. S.* 649, 653):

"The trust itself is not severable; it is one and indivisible. The surviving trustee had clear authority to execute the trust provision as to eight-ninths of the trust property, and in this respect he was subject to no infirmity whatever. The authority was to sell the whole interest. The trustee could no more save out his own share from passing under the execution of the power than he could the interest of any other child, and if he sought to make severance he could not do it, as the interest of each would be equal to his own in the part reserved. As the trust was good in its inception and was indivisible, the partial interest of the trustee, we think, may not intervene to defeat its execution, and upon the death of his cotrustee the power was properly executed and conveyed good title."

The complainant relies on a group of English cases and early New Jersey cases which follow their reasoning. The English authorities are of no force here because of our fundamentally divergent view of the power of the settlor and the beneficiaries of a trust over the trust *res*. In England the beneficiaries of the trust may by united action terminate the trust, notwithstanding the fact that to do so may nullify the intention of the settlor, 3 *Scott on Trusts,* § 337. In this State it is the intention of the settlor of the trust that governs and not the desires of the beneficiaries, *Restatement, Trusts,* §§ 337, 341 and the New Jersey cases cited *supra. Cooper v. Cooper,* 5 *N. J. Eq.* 9 (*Ch.* 1845), cites no authority for Chancellor Halstead's statement that there was a merger of the legal and equitable estates; the case has never thereafter been cited with approval. In *Wills v. Cooper,* 25 *N. J. L.* 137 (*Sup. Ct.* 1855), the court, relying largely on English cases and on authorities that cite English cases, applied the doctrine of merger to reach the entire estate of the debtor. *Bolles v. State Trust Company,* 27 *N. J. Eq.* 308 (*Ch.* 1876), follows the *Wills* case; the holding was not necessary to protect the creditors for they could have obtained equitable execution. *Bullis v. Pitman,* 90 *N. J. Eq.* 88 (*Ch.* 1918), which held that no trust was created because no person can be trustee and beneficiary at the same time, relies on Lewin on Trusts, an English work, stating the English law, which is unconcerned with the settlor's intention, and *Perry on*

*Trusts,* § 13, which dealt mainly with the case of a sole trustee and sole beneficiary and cited the *Bolles* case as authority for partial merger. *Hopping v. Gray,* 82 *N. J. Eq.* 502 (*Ch.* 1913) has no application to the case at bar for the reason that the judgment debtor whose interest was seized and sold was not a trustee. To the extent that these cases are based on the English view of the law of trusts they are out of harmony with the current of American decisions and the sound body of law which has been set forth in the later decisions in this State, the rationale of which forms the basis of this opinion.

The case of *Morse v. Hackensack Savings Bank,* 47 *N. J. Eq.* 279 (*E. & A.* 1890) presented facts more favorable to the complainant therein than do the facts in the case at bar and yet the court of last resort in an opinion by Mr. Justice Depue, speaking for the entire court, found no difficulty in reaching a conclusion contrary to the views contended for by the complainant here. In that case the executor, Terhune, had a power of sale over the lands of the testator, his father. He was also one of the heirs at law. The complainant, Hackensack Savings Bank, as a judgment creditor of Terhune, issued execution, levied on and sold Terhune's interest in the lands in dispute and purchased at the sheriff's sale. After the judicial sale Terhune, as executor, exercised the power of sale granted by his father's will and sold to the defendant Morse. The Court of Chancery held that the bank had paramount title, but on appeal the decree was set aside, and title declared to be in Morse:

"The estate which the heirs took at the testator's death was an actual estate, which was alienable, devisable and descendable, and liable to be seized and sold as lands; but when the power of sale was exercised, the estate of the heir or his alienee was determined, and the purchaser under the power became seized under the devisor by a title paramount to the title of the heir by descent * * * (p. 283).

"He (the executor) had not the capacity to do any act in relation to the trust property which would enure to his own benefit and ▯▯▯▯ ▯ ▯ ▯ impair or defeat the trusts he undertook to perform." (pp. 285–286).

Inasmuch as a trust estate is not liable to seizure and sale on execution at law, *Cowan v. Storms,* 121 *N. J. L.* 336 (*Sup. Ct.* 1938), the decree below is affirmed.

*For affirmance:* Chief Justice VANDERBILT, and Justices CASE, HEHER, WACHENFELD, BURLING, and ACKERSON—6.

*For reversal:* None.