10 N.J. Super. 175 (1950)
76 A.2d 825
JULIA FORBRINGER, ET AL., PLAINTIFFS-RESPONDENTS, LOUISE MAGLIO, PLAINTIFF-APPELLANT,
v.
LEONORA ROMANO, ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 6, 1950.
Decided November 20, 1950.
*178 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. Ira C. Moore, Jr., argued the cause for plaintiff-appellant (Mr. C. Alan Phillips, of counsel; Messrs. Whiting & Moore, attorneys).
Mr. Max M. Albach argued the cause for defendants-respondents (Messrs. Ruback, Albach & Weisman, attorneys).
Mr. Woodruff J. English argued the cause for defendant-respondent Overlook Hospital Association (Messrs. McCarter, English & Studer, attorneys).
The opinion of the court was delivered by JAYNE, J.A.D.
One Antonio Maglio, a resident of the Township of Millburn, Essex County, New Jersey, died on *179 December 9, 1948. He had duly executed a last will and testament dated September 11, 1939, which was admitted to probate on January 18, 1949.
The will was not composed with the clarity and explicitness of expression to be desired, which deficiency inspired the institution of an action in the Chancery Division to elicit a judicial construction of the instrument. The present appeal brings before us for review the final judgment in that proceeding.
The particular paragraphs of the will which are of immediate pertinency are here transcribed:
"THIRD: I direct my Executors, hereinafter named, to divide the entire rest, residue and remainder of my estate, personal estate or mixed, whatsoever same may consist and wheresoever situate, or to which I may be entitled at the time of my death, into six equal parts, each of said parts I give, devise and bequeath unto my Trustees, hereinafter named to be held by him, for the uses and trusts and for the purposes hereinafter set forth.
"FOURTH: I direct that within three months after my death that my Executors and Trustees appoint a board of three appraisers, which appraisers shall appraise any and all real property of which I may die seized and their appraisal shall be absolute and final for the purposes hereinafter designated, and binding upon all my heirs, my heirs at law and upon all the beneficiaries under this will.
"FIFTH: I hereby give, devise and bequeath unto my Trustees, hereinafter named, all my real estate and I do hereby authorize and empower my said Trustees to dispose of, sell and convey any part of my real estate and I further authorize my Trustees to sub-divide any part of my real estate and to sell same in tracts or lots or by the entire tract.
"SIXTH: I do hereby further authorize my Trustees in their sole discretions to manage my real estate holdings in such manner as they deem fit and essential.
"SEVENTH: I hereby direct that my Trustees do hereby divide any moneys received from any sale or conveyance of any real estate into six equal parts, each of which part they are to retain control over as Trustees in same manner as in the Fourth paragraph of this will.
"EIGHTH: I direct that my Trustees do open six Trust accounts in any State Bank by them chosen for the benefit of those hereinafter named and I direct that my Trustees make no disbursement of any of the principal of the Trust Funds for a period of thirty-five (35) years but that the beneficiary of the Trusts are to receive the interest on the Trust Fund each year.
*180 "NINTH: If as a result of economic conditions or otherwise, my real estate does not return a favorable profit, I hereby authorize my Trustees to use moneys in the Trust Funds provided, however, that each Trust Fund be assessed an equal amount. If there are no funds available I then direct my Trustees to call upon the beneficiaries hereinafter named to assist, however, if they, my heirs, fail to assist my Trustees, I then direct that all my real estate be conveyed in fee simple to the Overlook Hospital, Summit, New Jersey.
"TENTH: I further direct that if some of my beneficiaries refuse to assist that upon service of notice upon those refusing beneficiaries to signify their intention to aid in (30) days that upon failure to aid his or her trust be terminated and be divided among the other beneficiaries in equal shares.

* * * * * * *
"TWELFTH: I hereby direct that my Trustees hereinafter named set up Six Trust Funds one for each of the following:
"(1) Rocco Caruso, my son-in-law, of the City of Newark, County of Essex and State of New Jersey.
"(2) Leonora Romano, my daughter, of the City of Newark, County of Essex and State of New Jersey.
"(3) Concetta Circilo, my daughter, of the Township of Bernardsville, County of Somerset, and State of New Jersey.
"(4) Julia Forbright, my daughter, of the Town of Summit, County of Essex and State of New Jersey.
"(5) Rose Tarantino, my daughter, of the Town of South Orange, County of Essex and State of New Jersey.
"(6) Louise Maglio, my daughter, of the Town of Millburn, County of Essex and State of New Jersey.
"THIRTEENTH: I direct that upon the death of any of my beneficiaries that his or her Trust Fund pass to his or her children in equal shares provided however that the Trust be continued as hereinabove stated only with the beneficiaries changed."
Before undertaking a discussion of the several criticisms of the judgment, it may be preliminarily observed that the appellant concurs with the trial judge that it was the intention of the testator that the six beneficiaries designated in the "Twelfth" paragraph should each, immediately upon the death of the testator, become vested with one-sixth share of the testator's personal estate notwithstanding the direction that it is bequeathed to the trustees to be deposited in trust funds. Whether the postponement of enjoyment for the specified period of 35 years is valid, and whether the contemplated gift over to the grandchildren upon the mentioned contingency is *181 not repugnant to the prior gift, are, however, questions which the appellant inter alia retains and desires to project.
We must at once recognize that in undertaking to construe the present will the fundamental duty arises to detect the intention of the testator from a studious consideration of his entire will, in the light of the pertinent circumstances which in his case actually surrounded the composition of his will, and also regard the presumption against intestacy which attains even greater tenacity where the subject of the gift comprises the residuary estate.
The point upon which the appellant initially places emphasis is that the testator failed to make a complete and valid disposition of his real estate.
It is immediately noticeable that in paragraph "Third" of the will the testator directs that a division be made of "the entire rest, residue and remainder of my estate" with the qualifying adjectives "personal estate or mixed." It is also manifest that in transmitting the six equal parts to the trustees the testator uses the verb "devise."
In Miller v. Worrall, 62 N.J. Eq. 776 (E. & A. 1901), the following conclusion was expressed: "While the testatrix here uses the words `all the rest and residue of my property' and the word `devise,' still we think, in view of the use of the words `personal and mixed' immediately following `property,' that these words must be held to qualify and define the kind of property intended to be disposed of by the will, and that no broader signification can be given to the words `personal and mixed,' as here used, than their well-recognized meaning conveys, and if there be doubt, that doubt must be resolved in favor of the heir as against one who claims as a devisee.
"The testatrix, in using the words `personal and mixed,' is using technical words, and by well-settled rules of construction they must be given their technical meaning."
Accompanying the reported opinion in the Miller case is a full and complete copy of the terse will of the testatrix, and it becomes exceedingly significant to observe that nowhere *182 in the entire will is any reference whatsoever made to any real property of the testatrix, nor is an intention, as the court concluded, to dispose of real estate at all evident or apparent in the will. Therefore it was held that the words "personal and mixed" should be given their technical meaning.
In contrast, express references to the testator's real estate are made in paragraphs "Fourth," "Fifth," "Sixth," "Seventh," and "Ninth" of the present will.
In the instant case, a coalition of paragraphs "Third" and "Fifth" will leave little more than a shadow of insignificant doubt concerning the manifest intention of the testator to dispose of the entire, rest, residue, and remainder of his estate, real, personal, and mixed. Peer v. Jenkins, 102 N.J. Eq. 235, 238 (E. & A. 1928); 7 Clapp on Wills and Administration, § 896.
This determination substantially narrows the scope of the appeal.
The testamentary scheme or plan of distribution perceived by the learned trial judge upon consideration of the entire will is described as follows: "The intention of the testator was that all his property be divided into six parts; that the division be accomplished by the liquidation of assets; that the six parts belong to the six persons named in the Twelfth paragraph of the will and that for each such person a separate and earmarked trust fund be set up in a state bank; that the interest earned by each trust fund be paid to each beneficiary annually; and that the principal of such fund be paid to the specific beneficiary at the end of thirty-five years, and that if in the interim the beneficiary dies, the funds should belong to the children of the beneficiary forthwith and be paid over to them when the thirty-five-year period expires, the interest of the fund to be paid annually in the interim to such issue. He intended that the estate vest in the six named beneficiaries, in six equal parts, forthwith upon his death, and remain vested for the thirty-five-year period, the possession and enjoyment being postponed for the thirty-five years, but that the fruits thereof be enjoyed by the named beneficiaries in the interim."
*183 We agree that the foregoing statement is expressive of the apparent basic intention and purpose of the testator within the reasonable import and meaning of the words which were employed in the inexact composition of the will. The cardinal rule is to pay respect to the real intention of the testator in whatever form it finds expression.
True, the intention of the testator will not prevail if it is inimical to an established rule of law.
The appellant proposes that the testamentary requirement that the trustees shall refrain from making any distribution of the principal of any of the six trusts for a period of 35 years renders decedent's purpose violative of the rule against perpetuities. Not so. The latter rule is directed solely against the postponement of the vesting of estates and is not applicable to their possession or enjoyment. Lembeck v. Lembeck, 73 N.J. Eq. 427 (Ch. 1907); affirmed, 74 N.J. Eq. 848 (E. & A. 1908); In re Smisson, 79 N.J. Eq. 233 (Ch. 1912); Canda v. Canda, 92 N.J. Eq. 423 (E. & A. 1921); Trippe v. National Newark, &c., Banking Co., 98 N.J. Eq. 462 (Ch. 1925); affirmed, 100 N.J. Eq. 356 (E. & A. 1926).
A gift to a trustee is regarded in equity as a gift to the cestui. Neilson v. Bishop, 45 N.J. Eq. 473 (Ch. 1889); In re Collins, 99 N.J. Eq. 333 (Prerog. 1926); Traverso v. Traverso, 99 N.J. Eq. 514 (Ch. 1926); affirmed, sub nom. Traverso v. McMillin, 101 N.J. Eq. 308 (E. & A. 1927); Byrne v. Byrne, 123 N.J. Eq. 6 (Ch. 1938); affirmed, 124 N.J. Eq. 273 (E. & A. 1938); Skovborg v. Smith, 8 N.J. Super. 424 (Ch. 1950); Speth v. Speth, 8 N.J. Super. 587 (Ch. 1950).
Where, as here, the interest accruing on the corpus of the trust is directed to be paid to the beneficiary until he is to receive the corpus, the gift will be deemed vested. Gifford v. Thorn, 9 N.J. Eq. 702, 708 (E. & A. 1855); Dusenberry v. Johnson, 59 N.J. Eq. 336 (Ch. 1899); Fidelity Union Trust Co. v. Rowland, 99 N.J. Eq. 72 (Ch. 1926).
*184 Moreover, the scheme of the present will seems to generate the impression that it was the testator's intention that the real estate should, at such opportunities as the trustees deem conducive to the best interests of his beneficiaries, be converted into money before distribution. Cf. Wurts' Executors v. Page, 19 N.J. Eq. 365 (Ch. 1869). Necessary implication is equivalent to expression. Appleby v. Appleby, 139 N.J. Eq. 73, 83 (Ch. 1946).
Another suggestion put forth by the appellant is that the decedent's purpose, if not offending the rule against perpetuities, nevertheless imposes an unreasonable restraint upon the alienation of property. Parenthetically, we divulge our opinion that the period of 35 years specified by the testator was intended to commence at his death.
There is a distinction between restraints on use and enjoyment and restraints on alienation. Trusts are normally associated with the former. And then in the consideration of the subject a further distinction must be made between an active and a passive trust. In general, a restraint solely on use and enjoyment will not be nullified unless it clearly exceeds reasonable limitations in the circumstances of the given case.
Certain aspects of the subject were discussed in Speth v. Speth, supra, in which it is disclosed that our courts in this particular are not in accord with Professor Gray and the English cases. Vide, Mesce v. Gradone, 1 N.J. 159 (1948).
Suffice here to say that we classify the present testamentary trust as an active one, and in the circumstances the appellant's point is not meritorious.
A postponement of the enjoyment of corpus has been repeatedly approved. Lembeck v. Lembeck, supra; Fidelity Union Trust Co. v. Rowland, supra; Potter v. Watkins, 99 N.J. Eq. 538 (Ch. 1926); Martin v. Gifford, 101 N.J. Eq. 411 (Ch. 1927); Dwyer v. National Newark, &c., Banking Co., 103 N.J. Eq. 481 (Ch. 1928); affirmed, 104 N.J. Eq. 498 (E. & A. 1929); Fidelity Union Trust Co. v. Dignan, 105 N.J. Eq. 750 (Ch. 1929); Camden Safe Deposit, &c., *185 Co. v. Scott, 121 N.J. Eq. 366, 374 (E. & A. 1937); 3 Page on Wills 704, § 1262; 3 Scott on Trusts (1939 Ed.) 1823, § 334.
The appellant in the concluding portion of his brief has addressed to us a number of interrogatories relative to possible eventualities in the future administration of the estate, in case of substitution of beneficiaries and with respect to the quality of the interest of the defendant Overlook Hospital. Our courts normally decline to interpret and construe testamentary passages and declare the nebulous or fortuitous rights of contingent beneficiaries unless there is some present or imminent need for enlightenment. Hicks v. Jones. 138 N.J. Eq. 280 (Ch. 1946), where the pertinent citations are assembled.
The judgment under review is affirmed.