23 N.J. Super. 248 (1952)
92 A.2d 854
JACOB BARDFELD, PLAINTIFF,
v.
BENJAMIN BARDFELD, JOSEPHYNE B. SHERMAN AND LENORE BARDFELD, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided November 14, 1952.
*250 Mr. Arthur L. Joseph, attorney for plaintiff.
HANEMAN, J.S.C.
This is an action by the surviving trustee and executor of the estate of Israel Joseph Bardfeld for a construction of the latter's will and for instructions in administering the trust allegedly created by said will.
The testator-settlor, late of the Borough of Vineland, County of Cumberland and State of New Jersey, died on July 4, 1948, leaving a last will and testament which was admitted to probate by the Cumberland County Surrogate on July 23, 1948. Letters testamentary were issued to Leon M. Bardfeld and Jacob Bardfeld, who were appointed executors and trustees under the terms of the will. Said executors administered the estate until July 26, 1949, at which time Leon M. Bardfeld died, and since that time the estate has been administered by the surviving executor-trustee.
The first three paragraphs of the will raise no problems. However, the Fourth, Fifth, Sixth and Seventh paragraphs are of such an equivocal nature as to require a construction. Thus it is these paragraphs with which we must concern ourselves, always mindful that we must not lose sight of the four corners of the will to shed light on all portions thereof.
Said paragraphs read as follows:
"Fourth: I do devise my personal property, of whatsoever name and nature, after the bequest above set forth are set aside, unto my *251 executors hereinafter named, Leon M. Bardfeld and Jacob Bardfeld, to be held by them in trust, and invested by them, as such trustees, for a period of ten years after my decease, for the benefit of my four children, Leon M. Bardfeld, Jacob Bardfeld, Benjamin Bardfeld and Josephyne B. Sherman, share and share alike; and at the end of said ten year period, at the election of my said four children, said trust may either be continued, or liquidated, as the investments become due; and if liquidated, the same shall be equally divided between my four said children. None of my said children shall endeavor to compel the liquidation of said trust prior to the above ten year period, and should they institute any proceedings to enforce a prior liquidation of said trust, they shall forfeit their right to the one-fourth share to which they are entitled.
Fifth: I do devise my real estate wheresoever situate, unto my executors hereinafter named, Leon M. Bardfeld and Jacob Bardfeld, to be held in trust by them, for the benefit of my said four children, Leon M. Bardfeld, Jacob Bardfeld, Benjamin Bardfeld and Josephyne B. Sherman, and such trusteeship shall continue until such time as my said trustees shall determine it necessary to liquidate the same; and a conveyance or mortgage by said trustees or other encumbrance against said realty, executed by my said trustees shall be sufficient and proper to convey or encumber said realty.
A conveyance, assignment, transfer, or encumbrance of any interest in said real estate, or in the personal estate, left in the hands of my trustee, shall only be valid if executed by my trustees, and none of my four said children shall as individuals be privileged to convey, transfer, assign or encumber his or her interest in said trust in said realty or personalty; and any lien or encumbrance placed upon such interest by any outside party shall be of no effect, and shall not disturb the trust herein provided.
Sixth: The expense of maintaining my real estate partly occupied by any of my children for business purposes, shall be borne by them in the form of rent to be fair and equitable and determined and fixed by my trustees. So long as any of my children have use of part of my real estate at 509 Landis Ave., Vineland, N.J. they shall remain in such use upon payment of rent to my trustees as heretofore paid by them.
Seventh: None of my four children hereinabove named, who are the beneficiaries herein, shall devise or bequeath any or all of their interest in my estate, be the same real, personal or mixed, to any person or persons, except to their own respective children or spouse or either; and a devise or bequest unto any other person or persons, corporation, association or entity, shall be invalid, so far as their respective interest in my estate is concerned. They may however devise or bequeath their interest unto any or all of my children or grandchildren."
*252 That paragraph Fourth provides for a trust for ten years' duration of all of testator's personalty not specifically bequeathed, is patent.
The several beneficiaries were vested with the title to the corpus, the enjoyment of which was subject to the intervening ten-year period. Upon the expiration of said term, the remainder is payable or transferable to the said remaindermen. During said period the income is to be paid to said beneficiaries. The provision for a continuance of the trust creates no rights not already enjoyed by the beneficiaries, and may be ignored. It is merely permissive and not mandatory.
It is suggested by the plaintiff that the trust herein sought to be created might have a duration for a period longer than that allowed by the rule against perpetuities. The question has been adequately answered in Camden Safe Deposit, &c., Co. v. Scott, 121 N.J. Eq. 366 (E. & A. 1937), wherein the court said as follows:
"* * * In the process of construing the applicability or nonapplicability of the rule we are greatly helped by the sound observation made that `The Rule against Perpetuities should have been called the Rule against Remoteness. It is aimed at the control of future interests; it has nothing to do, save incidentally, with present interests. But its name is a constant temptation to treat it as aimed against restraints on the alienation of present interests.' * * * `if an estate vests within the prescribed period, the postponement of the time of enjoyment beyond lives in being and 1 and 20 years thereafter does not contravene the rule against perpetuities.'"
A trust may be created for a definite period of years without doing violence to the rule against perpetuities, and the same persons who are the life tenants may be the remaindermen. Camden Safe Deposit, &c., Co. v. Scott, supra; Forbringer v. Romano, 10 N.J. Super. 175 (App. Div. 1950).
The facts here present and the arguments advanced bear a marked resemblance to those adjudicated in Forbringer v. Romano, supra, where the court held that a gift to a trustee is in equity regarded as a gift to the cestui. Where the interest or income accruing on the corpus of a gift *253 is directed to be paid to the beneficiary until he is to receive the corpus, the gift will be deemed vested. There is no postponement of vesting, which is necessary before there exists a violation of the rule against perpetuities.
It is therefore here held that the trust created by paragraph Fourth is a valid trust for a period of ten years succeeding the death of the testator, at the expiration of which time distribution, as aforesaid, may be made to the remaindermen.
Paragraphs Fifth and Sixth create a trust of the testator's realty, to continue until the trustees determine it necessary to liquidate said trust, and the income, in the interim, to be paid to the named beneficiaries.
It is again here suggested that this trust violates the rule against perpetuities, since the trust of realty does not provide for the termination of said trust because it states, "and such trusteeship shall continue until such time as my said trustees shall determine it necessary to liquidate the same * * *." Clearly the testatorial intent here manifested that the trust should continue until the trustees deemed it necessary to liquidate the same, and at the time of liquidation the trust terminated.
A trust may continue for a duration to be determined by the discretion of the trustees. Capron v. Luchars, 110 N.J. Eq. 338 (Ch. 1932), affirmed, 112 N.J. Eq. 373 (E. & A. 1933); Turnure v. Turnure, 89 N.J. Eq. 197 (E. & A. 1918); Scott on Trusts, sec. 334, page 1825; Restatement of Trusts, sec. 187, page 479.
The answer to the first argument is found in the fact that there is again here present no postponement of the vesting. It is as well argued that if not violative of that rule, it is at least an unreasonable restraint upon the alienation of said property.
The answer to the second argument is also found in Forbringer v. Romano, supra, where the court said as follows:
"Another suggestion put forth by the appellant is that the decedent's purpose, if not offending the rule against perpetuities, nevertheless *254 imposes an unreasonable restraint upon the alienation of property. Parenthetically, we divulge our opinion that the period of 35 years specified by the testator was intended to commence at his death.
There is a distinction between restraints on use and enjoyment and restraints on alienation. Trusts are normally associated with the former. And then in the consideration of the subject a further distinction must be made between an active and a passive trust. In general, a restraint solely on use and enjoyment will not be nullified unless it clearly exceeds reasonable limitations in the circumstances of the given case.
Certain aspects of the subject were discussed in Speth v. Speth, supra, in which it is disclosed that our courts in this particular are not in accord with Professor Gray and the English cases. Vide, Mesce v. Gradone, 1 N.J. 159 (1948).
Suffice here to say that we classify the present testamentary trust as an active one, and in the circumstances the appellant's point is not meritorious.
A postponement of the enjoyment of corpus has been repeatedly approved."
It is manifest that the trustees have sufficient duties so as not to make the trust passive. Inter alia, the trustees are clothed with the duties to convey or mortgage the property if they deem it discreet; to collect the rents, and to liquidate said trust when, in the exercise of a reasonable discretion, they deem it appropriate. That it is an active trust there can be no doubt, as even a mere direction to sell the land and distribute the proceeds has been held to impose sufficient duties in the trustee to make the trust active. Mesce v. Gradone, 1 N.J. 159 (1948).
The last problem arises by virtue of the terms of paragraph Seventh of the will. The question propounded is whether said paragraph is void because of an attempted limitation upon a fee already granted. The testator has, by paragraph Fifth, manifested an intention to vest the named beneficiaries with an absolute fee. The subsequent limitation contained in paragraph Seventh is therefore void. Cree v. Kennedy, 14 N.J. Super. 440 (Ch. Div. 1951).
Judgment will be entered consistent with the foregoing.